WILKINSON, Receiver, etc., *v.* CULVER.

*(Circuit Court, S. D. New York. December 7, 1885.)*

RECEIVER—ACTION IN CIRCUIT COURT ON JUDGMENT OBTAINED IN STATE COURT.
 A receiver appointed by a state court for a corporation organized under the state laws may sue in the circuit of the United States for another state on a judgment obtained in the state court upon promissory notes, as in such case he sues, not as receiver, but as a judgment creditor.

At Law. On demurrer.

*Cortlandt Parker* and *Edgar P. Hill*, for plaintiff.

*R. Floyd Clarke, Frederic F. Culver*, and *James W. Culver*, for defendant.

COXE, J. The plaintiff declares upon a judgment recovered by him, as receiver of the American Trust Company of New Jersey, in the supreme court of that state upon certain promissory notes made by

the defendant. The defendant demurs upon the ground that the plaintiff is the receiver of a New Jersey corporation, appointed by a court of chancery of that state, and, as such receiver, cannot maintain an action in this court.

The position of the defendant, in this respect, is sustained by the following authorities: *Booth* v. *Clark*, 17 How. 327; *Peale* v. *Phipps*, 14 How. 368; *Holmes* v. *Sherwood*, 16 Fed. Rep. 725; *Olney* v. *Tanner*, 10 Fed. Rep. 101; *Hazard* v. *Durant*, 19 Fed. Rep. 471. The plaintiff, though not admitting the accuracy of this contention, insists that it is not applicable to the present controversy for the reason that he is not suing as receiver, but as an individual. It is argued that the addition of the words "receiver, etc.," to the plaintiff's name in the title of the cause is mere *descriptio personæ*, and may be rejected as surplusage. It is thought that this position is well founded. A judgment upon a note merges the note, and no other suit can be maintained on the same instrument. Such a judgment, when binding personally, can be relied on as a bar in a second suit upon the note. *Eldred* v. *Bank*, 17 Wall. 545; *Ries* v. *Rowland*, 11 Fed. Rep. 657; *Connecticut Mut. Life Ins. Co.* v. *Jones*, 8 Fed. Rep. 303.

The plaintiff does not sue because he is receiver, but because he is a judgment creditor. The action is on the judgment. He must, in order to recover, prove the judgment. He is not required to prove his title as receiver; that was done in the action in New Jersey upon the notes. It was necessary there, in order to obtain the judgment; but, having obtained it, the plaintiff, as an individual, can maintain the present suit. That such is the law in the case of an administrator is very clear.

In *Talmage* v. *Chapel*, 16 Mass. 71, the court says:

"The action is on a judgment already recovered by the plaintiff, and it might have been brought by him in his own name, and not as administrator. For the debt was due to him, he being answerable for it to the estate of the intestate; and it ought to be considered as so brought, his style of administrator being merely descriptive, and not being essential to his right to recover. It is important to the purposes of justice that it should be so; for an administrator appointed here could not maintain an action upon this judgment, not being privy to it. Nor could he maintain an action on the original contract; for the defendants might plead in bar the judgment record against them in New York. The debt sued for is in truth due to the plaintiff in his personal capacity. For he makes himself accountable for it by bringing his action; and he may well declare that the debt is due to himself."

To the same effect are *Biddle* v. *Wilkins*, 1 Pet. 686; *Bonafous* v. *Walker*, 2 Term R. 126; Freem. Judgm. § 217. Which one of these arguments does not apply to the case at bar? The reasoning is, it would seem, as applicable to a receiver as to an administrator.

The demurrer is overruled. The defendant has 20 days in which to answer.