NEWBERRY *et al.* v. ROBINSON *et al.*

*(Circuit Court, S. D. New York.* December 20, 1888.)

1. EXECUTORS AND ADMINISTRATORS—FOREIGN ADMINISTRATOR—ACTIONS BY.
    An administratrix who recovers judgment makes the debt hers individually, and she may sue thereon out of the state where she was appointed; allegations showing representative capacity being treated as surplusage.[1]
2. STATUTES—PLEADING—UNITED STATES COURTS—JUDICIAL NOTICE.
    The United States courts take judicial notice of the statutes of the states, and an objection that they are not well pleaded cannot be sustained.

In Equity. On demurrer to bill.

This action is brought by Helen S. Newberry, as administratrix of John S. Newberry, deceased, and James McMillan, citizens of Michigan,

[1] Respecting the authority of a personal representative outside the jurisdiction in which he was appointed, see Gove v. Gove, (N. H.) 15 Atl. Rep. 121, and note; Allen v. Fairbanks, 36 Fed. Rep. 402; In re Cape May, etc., Co., (N. J.) 16 Atl. Rep. 191.

against Nelson Robinson, Frank C. Hollins, Walston H. Brown, and Arthur J. Moulton, citizens of New York, and others, alleged to be stockholders of the Lake Erie & Western Railway Company, to enforce a statutory liability created by the laws of Ohio, where the company was incorporated. Helen S. Newberry was duly appointed administratrix by the probate court of Wayne county, Mich., and on the 2d of April, 1887, she, in her representative capacity, and James McMillan, recovered a judgment against the railway company, upon which execution was issued, and returned *nulla bona.* The bill prays for a discovery, and that the amounts found due from the various stockholders shall be applied in satisfaction of the judgment. The defendants above named and the railway company demur on the ground that Helen S. Newberry, as a foreign administratrix, has no standing or capacity to sue in this court, and on the further ground, assigned *ore tenus* at the argument, that the laws of Ohio creating the liability are not properly pleaded.

*William W. Cook* and *Scribner & Hurd,* for complainants.

*E. C. Henderson* and *Cary & Whitridge,* for defendants.

Coxe, J., (*after stating the facts as above.*) There is no doubt as to the general rule that an administrator cannot sue or be sued in his official capacity outside the limits of the state where he was appointed. *Vaughan* v. *Northup,* 15 Pet. 1. It is also well settled that a judgment in legal effect creates a new debt, and it is this debt, so evidenced, that the complainants are seeking to enforce. Unquestionably the complainant Newberry could have maintained an action against the railway company upon the judgment in this state, in her personal capacity. She could have so brought this action. The recovery of the judgment left the debt due to her, not as administratrix, but as an individual. Strike from the bill the allegations relating to her appointment as administratrix, etc., and it states a good cause of action. But these allegations are mere *descriptio personæ,* and may be rejected as surplusage. This has frequently been done in analogous cases. Indeed, it is not easy to see how the complainants can obtain relief in any other form. *Biddle* v. *Wilkins,* 1 Pet. 686; *Bonafous* v. *Walker,* 2 Term R. 126; *Wilkinson* v. *Culver,* 23 Blatchf. 416; 25 Fed. Rep. 639; *Talmage* v. *Chapel,* 16 Mass. 71; *Nichols* v. *Smith,* 7 Hun, 580; *Bright* v. *Currie,* 5 Sandf. 433; *Murray* v. *Church,* 1 Hun, 49. So considered, the cause of action seems simple enough. The complainants have a judgment which is evidence that the railway company owes them as individuals the sum of $16,048. This debt they have endeavored to collect of the company, but the execution issued upon their judgment has been returned unsatisfied. The laws of the state where the company was created provide that in such circumstances the shareholders shall be liable to contribute to a limited extent towards the payment of the debt. The action is in the nature of a creditor's bill to reach the money which, under the statute, should be contributed to the payment of the judgment. *Hatch* v. *Dana,* 101 U. S. 205; *Henry* v. *Railroad Co.,* 17 Ohio, 187; *Ogilvie* v. *Insurance Co.,* 22 How. 380. The second ground of demurrer is not well taken, for the reason that

the constitution and statutes of Ohio "are matters of which the courts of the United States are bound to take judicial notice, without plea or proof." *Lamar* v. *Micou*, 114 U. S. 218, 5 Sup. Ct. Rep. 857; *Bank* v. *Franckyln*, 120 U. S. 747, 7 Sup. Ct. Rep. 757. The demurrers are overruled. The defendants may answer within 20 days.