## WATERS v. CENTRAL TRUST CO. OF NEW YORK.

(Circuit Court, S. D. New York. March 1, 1900.)

PLEADING—COMPLAINT—IMPROPER JOINDER OF CAUSES OF ACTION.

A complaint alleging the rendition by a court of another state of a judgment against the defendant and in favor of third parties, that plaintiff was appointed receiver to collect such judgment and distribute the proceeds, and that subsequently the owners thereof assigned such judgment to plaintiff, states a cause of action in favor of plaintiff as an individual, and as the legal owner of the judgment, and is not subject to demurrer as also joining a cause of action in his favor as receiver.

Action at Law. On demurrer to complaint.

David Willcox, for plaintiff.
Arthur H. Van Brunt, for defendant.

COXE, District Judge. The complaint alleges that in April, 1898, in an action in which Lumin A. Andrews and others were plaintiffs and the Pittsburgh, Akron & Western Railroad Company and the Central Trust Company of New York and others were defendants, the court of common pleas of Summit county, Ohio, duly adjudged that the said railroad company was indebted to the Carnegie Steel Company and others in the sum of $100,379, which sum the defendant, the Central Trust Company, which was a stockholder in said railroad company, was directed to pay to the plaintiff herein, Frank H. Waters, who was, by said judgment, appointed receiver to collect and disburse the same. The complaint alleges further that prior to the commencement of this action the Carnegie Steel Company and the other creditors of the said railroad company mentioned in the Ohio judgment duly assigned their claims against the railroad company and trust company to the plaintiff. The complaint is demurred to upon the ground that two causes of action are improperly united, namely a cause of action in favor of the plaintiff as receiver and a cause of action in favor of the plaintiff individually as assignee of the claims against the defendant.

The plaintiff does not sue as receiver, but as an individual. The action is on the Ohio judgment. When this is proved the plaintiff's right of action is established. Newberry v. Robinson (C. C.) 36 Fed. 841, and cases cited. It is thought that the pleader might have stopped at this point with safety, but he has seen fit to allege that he holds assignments of the other claims against the railroad and is now its sole creditor. Conceding this allegation to be unnecessary it does not state a separate and distinct cause of action. It may be true that the defendant is not interested in knowing what becomes of the money after it is paid to the plaintiff, but it is also true that the defendant is not injured or misled by the information. One holding the legal title to a chose in action is not precluded from maintaining

an action at law because he happens to hold the equitable title also. By no possibility can the cause of action be misunderstood and it is thought that the court is not justified in permitting further delay. The demurrer is overruled. The defendant may answer within 20 days.