MOORE v. KRAFT.

(Circuit Court of Appeals, Seventh Circuit. April 19, 1910.)

No. 1,620.

1. EXECUTORS AND ADMINISTRATORS (§ 524*)—PLEADING (§ 35*)—ACTION BY ADMINISTRATOR—MERGER OF ORIGINAL CAUSE OF ACTION.

While an administrator cannot be authorized by the court which appointed him to sue in another state on a cause of action belonging to his intestate, where he has sued thereon in the state of his appointment and obtained a judgment, the original cause of action in favor of his intestate is merged therein, and a new cause of action arises in favor of the administrator, on which he may sue in his own right in any state where the debtor is found, and the addition of his title as administrator in the declaration is a mere description, which may be rejected as surplusage.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2330–2343; Dec. Dig. § 524;* Pleading, Cent. Dig. § 79; Dec. Dig. § 35.*]

2. JUDGMENT (§ 822*)—ACTION ON JUDGMENT—DEFENSES—MATTERS CONCLUDED BY FORMER ADJUDICATION.

Where the principal administrator of an estate was sued personally in another state, by an administrator there appointed for the same intestate, as a debtor of the estate, and appeared and defended, a judgment there rendered against him is conclusive as to all defenses he made or could have made therein, and such matters cannot be again litigated in an action against him on the judgment in the state of his residence.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1500; Dec. Dig. § 822.*]

In Error to the Circuit Court of the United States for the Eastern District of Illinois.

Action by John P. Moore, administrator of the estate of Sallie B. Kraft, deceased, against F. W. Kraft. Judgment for defendant, and plaintiff brings error. Reversed.

In April, 1909, plaintiff in error filed his declaration in debt against defendant in error upon a judgment rendered in a state court of Arkansas. From the record of that judgment it appears that in December, 1898, plaintiff in error was appointed by a probate court of Arkansas administrator of the estate of Sallie B. Kraft, who died intestate leaving real and personal property and also creditors in Arkansas; that as such administrator he brought an action in an Arkansas court to recover a debt which had been incurred by defendant in error to said Sallie B. Kraft; that defendant in error appeared and defended the action; and that the judgment now in suit resulted.

To the present declaration defendant in error pleaded "that Sallie B. Kraft in her lifetime was a citizen and resident of the state of Illinois, and had her domicile in the county of St. Clair in the said state of Illinois at the time of her decease and for a long time previous thereto, and that she was at the time of her decease the wife of the said defendant; that upon the decease of the said Sallie B. Kraft the said defendant, F. W. Kraft, was by the probate court of St. Clair county, Illinois, duly appointed the administrator of the estate of the said Sallie B. Kraft, and that she died intestate; that upon the decease of the said Sallie B. Kraft, and the appointment of defendant as administrator of her estate, he took upon himself the administration of the assets of the said Sallie B. Kraft; and that he has been since the time of his appointment until the present time and still is administrator of the estate of the said Sallie B. Kraft. And defendant further avers that the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

said John P. Moore, if in fact he was ever appointed administrator of the estate of Sallie B. Kraft, deceased, was appointed as an ancillary administrator in the county of Phillips in the state of Arkansas, and that whatever assets belong to the estate of Sallie B. Kraft, deceased, are subject to administration and distribution in the state of Illinois, the place of her domicile at the time of her decease, and that the said John P. Moore as administrator of the estate of Sallie B. Kraft, deceased, has no right, power, or authority to maintain an action in the state of Illinois for the recovery of any of the assets of the said Sallie B. Kraft, deceased; and this the said defendant is ready to verify."

Plaintiff in error demurred to this plea on the grounds: (1) That it alleged matters "which could not be set up after judgment to avoid its effect in the state from which the record came"; (2) that "all such matters should have been set up in the original action and are now res adjudicata"; and (3) that "after judgment the debt became personal to the plaintiff, the style of administrator being merely descriptive and not essential to a recovery."

The demurrer was overruled, plaintiff in error elected to stand by his demurrer, and the court adjudged that "Moore, administrator of the estate of Sallie B. Kraft, deceased, in the state of Arkansas, be and he is barred of his action upon the judgment in said declaration described, without prejudice to the right of action on said judgment by a domestic administrator, or administrator appointed by the proper court in Illinois of the estate of said Sallie B. Kraft, where the said Sallie B. Kraft had her domicile at the time of decease."

R. B. Hendricks, for plaintiff in error.

George A. Crow, for defendant in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

BAKER, Circuit Judge (after stating the facts as above). A state cannot give its courts, through their officers, such as administrators and receivers, power to reach out for persons and things beyond the lines of the state. Vaughan v. Northrup, 15 Pet. 1, 10 L. Ed. 639. So Moore as Arkansas administrator could not have sued Kraft in Illinois upon the cause of action which had accrued to Mrs. Kraft. But when Moore, in the right of his intestate, sued Kraft in Arkansas and obtained the judgment in question, the original cause of action became merged in the judgment, and the judgment became the legal evidence of a new debt, for the nonpayment of which a new cause of action would arise. Now this new cause of action never belonged to Mrs. Kraft, and so it would be logically impossible for Moore to sue upon it in her right. If a person buys or leases property from an administrator or receiver, the consideration is promised to be paid to a living person, who sues by virtue of what he has done, not by virtue of what the deceased or insolvent had done; and whatever he may do or be obligated to do with the consideration when he collects it, is wholly irrelevant to the issue. The question is the right to collect, not who may be the ultimate beneficiaries, just as in replevin the question is right of possession, not ownership. Therefore the law is that, after an administrator or receiver recovers judgment in the right of the deceased or insolvent, he may in his own right sue upon the new debt wherever he finds the debtor, and the addition of his title in the declaration is mere description which is rejected as surplusage. Biddle, Adm'r, v. Wilkins, 1 Pet. 686, 7 L. Ed. 315; Wilkinson, Receiver, v. Culver (C. C.) 25 Fed. 639; Newberry, Adm'x, v. Robinson (C. C.) 36

Fed. 841; Talmage v. Chapel, 16 Mass. 71; Black on Judgments, § 963; 18 Cyc. 877, 1239, 1240.

So what becomes of the plea? In the Arkansas court Kraft had his day to show why this new cause of action in favor of Moore personally should not be created. If there was any infirmity in Mrs. Kraft's claim, then was the time to assert it. If there was any want of power in the Arkansas probate court, if any challenge of Moore's right to maintain that action in his representative capacity could be made, then was the time to present not only the defenses that were set up but every possible defense. If there was any validity in Kraft's contentions that his indebtedness to his wife became at her death a part of her estate in Illinois, that upon his appointment as administrator in Illinois (when does not appear, but that is immaterial) the chose in action eo instanti was converted into a cash asset for which he was bound to account to the Illinois probate court, and that the jurisdiction of the Illinois probate court over his debt to his wife was exclusive, such matters might or might not have been adjudged to be good reasons why Moore in the Arkansas court should not recover a judgment in the right of Mrs. Kraft against Kraft, the debtor, who was a different identity from Kraft, the administrator; but they afford no defense to the judgment as an evidence of a new debt from Kraft as an individual. Manifestly it is impossible to excuse a judgment debtor merely because he may have suffered some one else to recover a judgment on the same original debt.

The judgment is reversed, with the direction to sustain the demurrer to the plea, and to proceed further not inconsistently with this opinion.