JOSEPHINE M. LAKE, administratrix, &c.,

*v.*

JOSEPHINE T. WEAVER.

[Decided February 19th, 1912.]

1. It is a thoroughly settled principle that where one's rights by his concurrence have been actually submitted to litigation, even though he be not the nominal party, he may not relitigate those rights in some

cause in which he is the nominal party, for the reason that since he was an actual party litigating or participating in the previous adjudication he will not be permitted by a subterfuge to get away from that which was decided there and relitigate it.

2. Antecedent litigation in a previous suit between the parties hereto reviewed, and after examination of pleadings and proofs in this suit— *Held,* that the complainant's bill should be dismissed, either (1) be-. cause in so far as she now claims as administratrix that the deed in controversy in both suits is a mortgage, she has failed to prove it in this suit, and she must fail for that reason; or else (2) because by appealing to the judgment and proceedings in the other cause she concedes that they are relevant to this suit, and as such, they are *res adjudicata;* and if *res adjudicata,* of course the entire matter comprised in that judgment is settled as between the parties thereto and hereto.

On bill, &c.

*Mr. John J. Crandall,* for the complainant.

*Messrs. Melosh & Morten* and *Mr. Gilbert Collins,* for the defendant.

GARRISON, V. C. (at close of proofs, and after argument of counsel).

This is a final hearing upon a bill, answer, replication and proofs in open court. The bill in this case is filed by Josephine M. Lake, and in the course of the bill she recites that she is the administratrix of her father's estate, but she nowhere indicates that the bill is filed by her solely as administratrix, and therefore it seems to me that it must clearly be held that the bill is one brought by her individually and also as administratrix of her father's estate.

The bill sets out that Theodore Weaver died in 1893, intestate, and that on the 14th of November, 1910, Josephine M. Lake became his administratrix; and further, that Samuel Weaver, who was the father of Theodore S. Weaver, died in 1871, and that Josephine T. Weaver, the defendant, became his executrix. It then sets out the filing of a final account by Josephine T. Weaver, the executrix of Samuel Weaver, and also that Samuel Weaver died seized of certain lands in Atlantic county and that by the terms of the will, and the facts, those lands became vested in

Ella Etta Smith, the sister of Theodore S. Weaver, in Theodore
S. Weaver and in Josephine T. Weaver, one-third each; and that
by partition proceedings in the court of chancery by the grantee
of Josephine T. Weaver, in a suit wherein such grantee was com-
plainant and Ella Etta Smith and the heirs-at-law of Theodore
S. Weaver were defendants, such proceedings were had that the
share of Theodore S. Weaver, intestate, was paid into this court,
wherein the same now remains as a part of his estate, and which
share, with interest, amounts to more than $5,000. The com-
plainant further sets out that since the partition proceedings and
the payment into court, Josephine T. Weaver, by way of cross-
bill, in a proceeding in this court between herself and the heirs
of Theodore S. Weaver, claimed and set up that since the filing
of her final account she had divers and sundry transactions be-
tween herself and Theodore S. Weaver in his lifetime by which
she advanced to him more money than was due him out of the
personalty of his father, Samuel Weaver, and that in another per-
sonal transaction between her and her son Theodore in his life-
time he executed and delivered to her a quitclaim deed, conveying
all of his interest in the property left by the father, above de-
scribed, by way of mortgage, to secure all sums in excess which
she could legally establish that she had advanced to Theodore
and for which he died indebted to her beyond the amount due
him for his share of the personalty of his father's estate, and
various figures are set out with respect to this in the bill. The
bill then charges that there was no excess of debt due Josephine
T. Weaver over and above the amount that Theodore S. Weaver
was entitled to from his father's estate, and that Josephine T.
Weaver cannot establish or prove any debt to her whatever, and
that the whole scheme was a fraudulent one on her part; and the
bill sets forth that it is necessary for the proper administration
of the complainant's trust that Josephine T. Weaver should
answer this bill and fully establish her claim against the com-
plainant's testator (although it means "intestate") to the end
that she, the complainant, may pay and satisfy the same in the
due administration of her trust; and then the complainant avers
that she submits to the decree of this court awarding security to
the said Josephine T. Weaver as in the decree set forth, and de-

mands the right and opportunity to controvert and litigate whether there exists, under said decree, any debt whatever of her said intestate (that is, Theodore Weaver), and if so, the amount thereof, to the end that she may proceed with the administration of her trust. She thereupon calls upon Josephine T. Weaver to answer the bill, without oath, and to make discovery of various things. In the original bill there was no other prayer than the one for general relief. Subsequently, it was amended so that it was prayed that the complainant might have leave to redeem said lands from the mortgage in this bill mentioned by payment of the amount of debt of intestate to defendant that shall be found due and payable to wholly relieve and discharge the inheritance from the lien thereof. To this bill pleas were filed by Josephine T. Weaver by which, first, the proceedings in the suit of Frank Lake and others, complainants, and Josephine T. Weaver, defendant, were alleged to be an estoppel or to be conclusive against the complainant's right of action in this suit; and second, that if Josephine T. Weaver ever had any claim against the personal estate of Theodore S. Weaver, deceased, or if there was ever any indebtedness from Theodore S. Weaver, deceased, to Josephine T. Weaver, the same was barred by the statute of limitations, and, therefore, his administratrix is unconcerned therewith and has no right in this action; and third, that at the time of the settling of the account between Josephine T. Weaver and Theodore S. Weaver, as a result of which the deed in question was given, there were certain third persons, unrelated to the parties, who were present and would be the best witnesses to the transaction, and that they have since died; and they set forth other allegations which they claim should induce this court to dismiss this bill upon the ground of the complainant's laches, appealing to the general equitable doctrine that where a delay of any sort has prejudiced one side the court will be loath to administer relief to the side who had been favored with the delay as against the side which is hurt thereby.

After careful consideration of those pleas this court filed an opinion as the result of which it was determined that the benefit of those pleas should be saved to the defendant at the hearing, and the defendant was likewise permitted to file an answer, and

that has been done. The answer is a practical amplification of the matters in the pleas, plus a denial of the other matter set up in the bill, and a tender of certain evidence which, broadly speaking, is the whole record in the previous suit.

This case then came on for hearing upon the issue joined upon this bill and answer. The complainant has introduced no proof whatever. The defendant has introduced some proof.

Before disposing of the matter upon the ground upon which I think it right to dispose of it, I propose to allude to certain other features of the case.

. It will be observed by reading the bill that the complainant nowhere avers that there were any moneys belonging to the estate of Theodore S. Weaver which could be used to pay off any debt which might be found to be due by said estate to the defendant; and surely, if this is merely an academic question, namely, if she as the administratrix is merely calling upon this court to find out for her intellectual interest what amount her father owed, this court would give the matter no consideration whatever.

Next, it will be observed that she nowhere alleges that the heirs-at-law ever called upon his administratrix to take any steps to exonerate the land descending to them from the burden of any lien or alleged lien thereof. Furthermore, it will be observed that the only ground upon which this complainant can come into this court is that land of the decedent, of whom she is the administratrix, has descended to heirs, which land is burdened by a debt, which debt she as administratrix may be called upon to pay, and has the right to pay and the duty to pay, so that the land may be exonerated in favor of the heir; because, for reasons to be hereafter pointed out, she can have no individual right whatever in this case; her right must entirely rest upon such as may be found to exist in her as administratrix of Theodore S. Weaver. That being so, it is curious to see that she nowhere in this bill ever admits that anything is due and which she, as administratrix, could be called upon to pay, but strongly contends in every averment that nothing whatever is due, which creates a most remarkable and anomalous proceeding. It is too much elemental and primitive law to require citation that an administratrix has nothing whatever to do with the real estate of her de-

cedent.   The only possible interest she ever could have in it
would be through the orphans court for the payment of debts.
That being so, her only right to interfere in any way concerning
the real estate of the decedent would be the right to go to one who
had a lien upon it and pay that lien so as to exonerate the land
for the heir, and this right only exists where the debt was created
by her decedent in his lifetime, and where the personal estate is
liable for the payment of the debt.   Now, to permit one who de-
nies that there was ever any debt—who denies that she in any way
was responsible for anything, to come into a court of equity and
litigate that question with a person who holds a deed signed by
the decedent in his lifetime, seems to me to be such a contradic-
tion in terms as to show that it cannot exist in any proper course
of proceeding or administration of law.   However this may be, I
do not purpose placing my decision upon any ground of this
character; nor do I purpose putting it upon the ground that
there is any laches attributable to this complainant; which has
been strenuously urged upon me as the proper one upon which to
dismiss this bill and deny relief; nor do I propose to put it upon
the ground also strenuously argued that since there is no sugges-
tion of any debt due by Theodore S. Weaver in his lifetime to his
mother for which the personal estate left by him at his death
would be first liable, that therefore there is no right in this ad-
ministratrix to bring this suit.   There is a great deal to be said
in favor of this view, and the recently-decided case of *Smith* v.
*Wilson*, *79 N. J. Eq.* (*9 Buch.*) *310*, is instructive and interest-
ing on this point.   Nor do I propose to sustain the defendant's
position and dismiss this bill upon their further allegation that
since the statute of limitations has undoubtedly barred whatever
right of action there was by Mrs. Weaver against her son for any
moneys that she advanced him, there is now no burden upon his
personal estate to be borne by his administratrix, and therefore no
duty upon her to use the personal estate to exonerate the land in
favor of the heir.   Nor do I intend to sustain the defendant's posi-
tion and dismiss the bill upon another very cogent point urged by
the defendants and. for which there is a great deal of authority,
and that is, the actual identity of the parties in this suit who will
be favored by the decree herein asked for with the parties who ac-

tually litigated in the suit heretofore referred to of *Frank M. Lake* v. *Josephine T. Weaver et al.,* the proceedings and decree in which settled the amount due upon the alleged mortgage. As I had occasion to remark in the case of *Barber* v. *Miller,* the opinion in which is in *72 N. J. Eq. (2 Buch.) 248,* subsequently affirmed in the court of errors and appeals *(74 N. J. Eq. (4 Buch.) 453),* and as is shown by a case called to my attention by counsel for the defendants in the same court—*Lyon* v. *Stanford (Court of Errors and Appeals, 1886), 42 N. J. Eq. (15 Stew.) 411*—there is a thoroughly settled principle that where one's rights by his concurrence have been actually submitted to litigation, even although he be not the nominal party, he may not relitigate those rights in some cause in which he is the nominal party for the reason that since he was an actual party litigating or participating in the previous adjudication he will not be permitted by a subterfuge to get away from that which was decided there and relitigate it.

Since, in the case in hand, the previous suit was brought by Josephine M. Lake and her brother George Weaver, who were the sole heirs-at-law and the sole next of kin of Theodore S. Weaver, and since in that suit, as against them, this conveyance was held to be a mortgage upon which a certain sum was due, it is a very strong argument which contends that in this suit in which Josephine M. Lake, the same person as administratrix, seeks to exonerate the land for her benefit and the benefit of her brother, is really an attempt to relitigate exactly the same question which was litigated in their behalf by them in the previous suit, although in the previous suit she did not appear technically as administratrix of her father's estate.

So far as appears in this case, the only persons to be benefited by this litigation are Josephine M. Lake and her brother George Weaver. They are the heirs-at-law to whom this land descended, if it did descend, and the burden is on their inheritance, and the real purpose of this suit, of course, is to take advantage of the Evidence act which will close the mouth of the other persons as to the amount of the debt, and render it probably impossible for them to establish—if the burden is cast upon them to establish—what the amount of that debt is, so that the heirs will be able to

have the land unencumbered by the mortgage, although in a direct case where that was directly in issue, or was held to be so by the court, it was found that the amount was definite and fixed and must be paid before the land could be exonerated in their behalf.

I propose to advise that this bill shall be dismissed, and the paramount reasons are these:

Josephine M. Lake and George Weaver, as previously stated, brought a suit in 1905 against Josephine T. Weaver and others. That suit was brought to prevent Mrs. Weaver from further proceeding under the statute before a court of law to establish a deed from Theodore S. Weaver to herself, which she claimed had existed and had been lost or destroyed. Such proceedings were had in that suit that the final decree which was first entered therein enjoined Mrs. Weaver from establishing her deed at law. Upon that decree being taken to the court of errors and appeals it was reversed, and that court found that, under the testimony and the law, this court must enter a decree dismissing the bill to the end that Mrs. Weaver might proceed at law to establish her deed. This the court of chancery then did; but upon that decree being taken to the court of errors and appeals that court found that this court should not have dismissed the cross-bills, particularly that one filed by Mrs. Weaver, in which she asked to have the court of equity establish her deed, and therefore that decree was reversed and the parties came again before this court, and the sole issue then to be tried was whether or not, under Josephine T. Weaver's cross-bill against Josephine M. Lake and George Weaver, the heirs-at-law of Theodore S. Weaver, the deed alleged to have been given by Theodore S. Weaver to Josephine T. Weaver in 1889 should be established. Whether or not this court was justified in going further than deciding that exact issue or not, I do not propose to determine because it would be improper to be determined in this suit. It certainly does not, it seems to me, lie in the mouth of this complainant to object to the fact that it went further, because what the court did was to go as far as it could in favor of the then complainants of whom the present complainant in this suit was one—in other words, what the court there did was to say to Mrs. Weaver, "Yes, we will find that there

did a deed exist, made by Theodore S. Weaver, to you, but since it appears that that deed was given to you because you had advanced money to him, equity requires that if the money which you advanced him is repaid to you, you should not stand upon that deed as an absolute conveyance to you, but should accept the money in lieu of the land, and give back the land." From any point of view, this was a concession—an equitable concession, which the court imposed upon Josephine T. Weaver in favor of the complainants in that suit, and whether it should have done so or not, that decree must receive full faith and credit in this suit, and that is the decree in that suit, namely, that the conveyance was one made because of advances made by the mother, Josephine T. Weaver, to Theodore S. Weaver, and that equity required that she should reconvey if the amount of money which she had advanced to Theodore, with interest, was repaid to her.

In the suit at bar, Josephine M. Lake, individually, of course, is bound by that previous decree, and that eliminates all talk about her having any individual rights. Now, in so far as she claims as administratrix, she sets out that this deed was made, and that it was a mortgage—that is, that it was given to secure whatever sum of money her decedent owed to Josephine T. Weaver. But she does not prove it. There is not a scintilla of proof here upon the part of the complainant that this paper was anything else than what she charges it to be, namely, a deed. Therefore, if we stand upon the complainant's case alone, that is to say, upon the proofs to sustain her bill, we find that she has wholly and absolutely failed to make out any case for equitable relief of any kind, as I see it.

What would have happened in this court if this complainant had proven that what was actually a deed in form was in this court in this suit to be treated as a mortgage, is quite beside the question. With that difficulty I am not confronted. There was not the slightest evidence in this case to prove that the paper-writing of 1889 was any other than it purported to be, or that any other effect should be given to it than what it is set out in the bill to be, namely, a quitclaim deed of all interest of Theodore S. Weaver in the lands described in it.

The only way in which the complainant seeks to show that the

paper is not a deed and should not be given the effect of a deed is by reference to what took place in the suit of Josephine M. Lake and George Weaver, the heirs-at-law of Theodore S. Weaver, against Josephine T. Weaver. In that suit it was found that this deed, as between the parties to that suit, was one which could not stand as an absolute transfer if the amount of money found in that suit to be due between the parties to that suit were paid to Josephine T. Weaver—or, if you choose to phrase it differently, in that suit, as between the parties to that suit, it was found that this deed was a mortgage upon which there was a certain amount of money due, and the right was given to the complainants, if they so chose, to pay that amount of money and get the land.

Now, it seems to me perfectly clear that this complainant is on one or the other horn of the dilemma. If she says, "I allege that this deed was a mortgage," she must prove it. Upon the most casual inspection of the pleadings and proofs it appears that she has not proven any such thing. She did not prove anything. If she says, "I do not have to prove it because it has already been determined," she then appeals to a suit which either binds her and determines it for the purposes of this suit—in which case nothing further can be said on her behalf, because the amount is therein fixed, and no further inquiry will be allowed—or else it does not bind her and does not bind the other people, and is not relevant in her behalf at all. In other words, either there is an entire lack of proof on behalf of the complainant of any right of action whatever, and she must fail for that reason; or else, by appealing to the judgment and proceedings in the other cause she concedes that they are relevant to this suit, because they are *res adjudicata,* and if they are *res adjudicata,* of course the entire matter comprised in that judgment is settled as between the parties thereto and hereto.

If that other suit is relevant to this suit in behalf of the complainant, it must be upon the theory that it is settled in that suit, as between her, this complainant, and Josephine T. Weaver, that that paper is not a deed but a mortgage. The only way that it became settled was in the other suit. Therefore, we must find out what the judgment was in that other suit, and consider all of its elements as *res adjudicata* in this suit, and one of those elements

undoubtedly was the amount which, in that suit, was ascertained to be due upon the paper considered as a mortgage.

For these reasons (which I shall not amplify because I have stated them as clearly as I can), and which are either clearly dispositive of the case or are not so because of some reason that I cannot comprehend, my conclusion is that this bill must be dismissed, and I shall so advise.

Mr. Crandall—And the plea sustained?

The Vice-Chancellor—You have heard what I said. I shall say no more than I have said. I shall dismiss the bill.