9364

SARTOR v. NEWBERRY LAND & SECURITY CO. *ET AL.*

(88 S. E. 467.)

1. Judgment—Conclusiveness—Persons Concluded.—General creditors of the deceased are not bound by a judgment in a proceeding in which they were not made parties, rendered on agreement between a special creditor who had sold the deceased's land and the administrator of the deceased, by which the administrator was appointed trustee to receive the title, manage the business, create other debts against the estate, and turn over the surplus to himself as administrator.

2. Judgment — Persons Concluded — Representation of Creditors by Administrator.—While the administrator may in some cases represent creditors in a proceeding to which they are not made parties, he cannot do so where his interests are adverse to those of the creditors and he is seeking to have the administration converted into a trust for his own benefit.

3. Executors and Administrators — Claims — Priorities · of Creditors.—Where an administrator, without the consent of creditors, was appointed trustee to take title to land purchased by deceased under a contract by which he was to make three annual payments, such payments to constitute rent in case he failed to complete the purchase, and such trustee made the third payment from the crops raised on the land, the deceased having made the first two payments, and gave a mortgage for the balance of the price, the mortgagee had the prior lien, the general creditors of the deceased had priority over the creditors of the trustee as to the value of the contract at the date of the appointment of the trustee; but, the general creditors of the deceased having stood by and permitted the trustee to make the third payment and undertake the completion of

the purchase, the creditors of the trustee had priority over them as to the avails of such payment as well as any profits arising from the acts of the trustee.

4. TRUSTS—TRUSTEES—COMPENSATION.—A trustee is entitled to commission, but if anything more is demanded, it must be allowed by the Courts under Civ. Code 1912, sec. 3654, providing compensation for trustees.

5. EXECUTORS AND ADMINISTRATORS—TRUSTS—TRUSTEES—COMPENSATION. —Under the statute permitting trustees and executors to be refunded money advanced to pay claims against the trust estate, the burden is on the executor or trustee to show clearly that such money was, in fact, advanced.

Before SHIPP, J., Union, September, 1914. Reversed.

Action by John W. Sartor for himself, and as administrator of John Sartor, and as trustee of the estate of John Sartor, against the Newberry Land and Security Company and others. From the judgment rendered, the plaintiff and the defendants, the Glenn Lowry Manufacturing Company, the William Coleman Company, the C. H. Cooper Company, and the Summer Bros. Company, appeal.

*Mr. P. D. Barron,* for William Coleman Company, and Glenn Lowry Manufacturing Company, appellants, cite: *As to parties represented by administrator:* 15 Enc. Pl. & Pr. 641; 8 *Ib.* 695; 27 S. C. 322; Code Civ. Proc., secs. 162 and 369. *Duty to pay taxes:* 76 S. C. 517; Code Civ. Proc. 45. *Of administration:* Civil Code, secs. 3611, 3633. *Equitable rights to lien:* 20 A. & E. Enc. of L. (2d ed.) 819; 67 S. C. 283, 285; 1 Hill Ch. 251; 2 DeS. 144; 3 DeS. 84; Bail., Eq. 344; 2 Bail. 623; 2 McC. Ch. 455; 55 Am. St. Rep. 494; 5 L. R. A. 152. *Liability of property for payment of debts:* 28 A. & E. Enc. of L. (2d ed.) 942, 943; 109 Ga. 49.

*Mr. J. Clough Wallace,* for plaintiff-appellant, cites: 2 McC. Ch. 77; 11 A. & E. Enc. of L. 1181; 10 S. C. 208; Spears Eq. 367; Bail Eq. 158.

*Mr. John Ashby Sawyer,* for the C. H. Cooper Co. and Summer Bros. Co., appellants and respondents, cites: *As to attack on judgments:* 35 S. C. 97.   *A nullity:* 13 S. C. 367, 376 and 371; 17 S. C. 439; 41 S. C. 337; 23 S. C. 154; 46 S. C. 474; 51 S. C. 342; 26 S. C. 133; 23 Cyc. 1068, 1074, 1206, 1237; 24 S. C. 398; 34 S. C. 452; 45 S. C. 597; 41 S. C. 74, 80; 10 S. C. 209; 15 S. C. 565; 19 S. C. 157; 24 A. & E. Enc. of L. 724.

April 3, 1916.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

John Sartor was in possession of two tracts of land.   Of one he was a mere tenant.   Of the other he was in possession under a contract to purchase.   He was farming both places, and managing about a 20-horse farm.   The contract to purchase allowed John to pay a little over $1,200 per year for three years as rent; that, if John made these yearly payments, then in January, 1911, the grantor (the Newberry Land and Security Company) would convey the land to John at $7,000, but would allow him a credit for one-third of the purchase money from these annual payments, and take his notes, secured by a mortgage of the land, for the unpaid two-thirds; that, if John failed to pay these annual installments (called rent), then the payments so made would remain rent, and the contract would terminate, and all that had been paid would be forfeited.   In the spring of 1910 John died, and his son, John W. Sartor, was duly appointed administrator of his father's estate.   The administrator made the 1910 payment on the contract from the "net proceeds of the crop."   John left two minor children.   The administrator then went into Court, making the heirs at law, as such, and the Newberry Land and Security Company, parties, alleging that there were unpaid debts of the estate which were secured by the mortgages, but, if there was a forced sale, there was not enough of personal assets to pay

the debts; that on account of the minority of some of the heirs proper security for the balance of the purchase money of the land could not be given; that the Newberry Land and Security Company were willing to carry out their contract with John Sartor, and asking that John W. Sartor be appointed trustee to receive the title, carry on the business, mortgage the property, etc. By a consent decree the arrangement was allowed. Under this arrangement the trustee was allowed to manage the estate as he pleased, make all the debts he could, and pledge the property for its payment, repay these debts, and turn over the surplus to himself as administrator for the payment of the debts of John Sartor and distribution among the heirs. The creditors of John remained quiet. The trustee managed the estate and made debts. After the affairs had gone on for a while, some of the creditors of John brought suit, and then John W., the trustee and administrator, brought suit to settle the estate, and enjoined other proceedings. The case was referred to the master to report his conclusions of law and of fact. To this report all parties excepted. The Circuit Judge overruled the exceptions and affirmed the master's report. From his judgment, this appeal is taken.

There are 26 exceptions, but neither of the appellants undertake to argue them separately. One of the appellants reduces the exceptions to three, and we think they cover the points at issue.

1. Were the creditors of John Sartor bound by the proceedings by which John W. Sartor was appointed trustee? They were not. We know of no case and no principle of law by which they can be bound. They were not parties. There was no creditor as such, nor a representative of the creditors who were made parties. It is said some of the children were creditors. They were not made parties as creditors, but as heirs at law. It is said that the Newberry Land and Security Company was a creditor. John's estate at the time of the commencement of

that suit owed them nothing, and did not become a creditor until after the suit had ended and the notes and mortgage executed. It is said that the administrator was their representative. In some cases the administrator might be held to represent creditors, but not here.

A moment's reflection without the citation of authority will show that one cannot represent a class when his interest and that of the class are antagonistic. John W. was seeking the authority of the Court to change his position of administrator to that of trustee. As administrator, the creditors were protected by a bond. As trustee, they were without security. As administrator, his power to carry on the business beyond the year and wreck the estate was nothing. As trustee under those proceedings, he had unlimited power to borrow money and pledge the assets of the trust estate to secure the loan. He could use the money borrowed for the purposes of the trust or for himself, as his conscience or his desires dictated. He comes into the Court now with a claim for a large sum which he says he advanced to the estate. He does not show how he got it or from whom, and expects the Court to allow it. When a man comes into Court with funds of others and comes bound by all the safeguards that the wisdom of ages has thrown around him, and asks to be set free from his inconvenient bonds, he represents no one and binds no one except himself and those who claim under him.

2. The next question is as to the priorities of the claims of the creditors of John Sartor and the creditors of the trustee, John W. Sartor. A statement of the facts and an application of well known principles of law will determine these priorities. John Sartor was in possession under a contract of purchase. John had made two of the three payments as rent. John W., as administrator, paid the third installment as rent from the proceeds of the crop. There is no question made as to the construction of

the contract; therefore rent stands as rent, and must first be paid out of the crops.    Whatever may be the rights of the creditor of the trustee against the heirs at law of John and the trustee under the proceedings appointing John W. as trustee, the creditors of John Sartor, deceased, are not affected.    It is difficult to see how the creditors of the trustee can secure any priority in the land against the creditors of the deceased at the time of the appointment of the trustee. The creditors of the deceased, however, should not be allowed to take advantage of payments made on the land as the result of the operations of the trustee after his appointment,.as they stood by and allowed the trustee to manage the estate without objection.    The creditors of John are entitled to priority over the creditors of the trustee in the value of John's contract at the time of the appointment of the trustee. The creditors of John stood by and saw John W. manage the estate after his right to manage the land ceased, and they should not be allowed to appropriate the payments made by the trustee.    These payments, the property purchased by the trustee, and the profits made by the trustee, if any, should go to the creditors of the trustee.    With this exception the creditors of John have priority in the settlement of his estate. Of course, the purchase money mortgage comes first.

3. The last question is as to allowances made to 4, 5    the trustee and consists of commission, salary, and money advanced by the trustee.

(a) The law allows commissions for the handling of trust estates.    If anything more is demanded, it must be allowed by the Courts, and is regulated by section 3654, vol. I, Code 1912.

(b) The law allows executors and trustees to be refunded money they have advanced to pay claims against the trust estate, but he must show it clearly.    The showing here is not clear, but, in order that no injustice shall be done, he may still make his showing if he can.

The judgment is reversed, and the case remanded to the Circuit Court for correction of the accounts to conform to this opinion.