24 P.(2d) 269

WARE v. FARMERS' NAT. BANK OF DANVILLE et al.

No. 3779.

Supreme Court of New Mexico.

July 26, 1933.

O. P. Easterwood, of Clayton, for appellants.

H. B. Woodward, of Albuquerque, and Adolf J. Krehbiel, of Clayton, for appellee.

ZINN, Justice.

The probate court of Union county on September 26, 1925, approved and allowed claims of Luther W. Ware against the estate of J. F. Ware in the sum of $4,675, together with interest in the sum of $1,220. Luther W. Ware, as ancillary executor of said estate, the appellee here, thereafter brought this action pursuant to 1929 Comp. St. § 105-2101, to sell a sufficient amount of the real estate belonging to said estate to satisfy said sum, alleging that there was insufficient personal property or cash to pay the same. The appellants, as defendants below, in their answer to the action of the appellee to sell the real estate, admitted that the claims of Luther W. Ware against said estate had been allowed by the probate court, but denied that they were valid.

The validity of the appellee's claims are questioned by appellants for two reasons: First, that the appellants, as heirs and legatees, had no notice of the claim of the petitioner as filed in the probate court of Union county, or of the order of said court allowing said claims; and, second, that the Boyle county circuit court of Kentucky, in which the principal administration proceeding was had, about two and one-half years after the Union county New Mexico probate court had allowed the claim of Luther W. Ware, had disallowed said claim in part, and that such judgment of the Kentucky court is superior and controls over any judgment that may have been rendered by the probate court of Union county.

The trial court entered judgment directing the appellee, as ancillary executor, to first employ the personal property and cash of the decedent, the total of said cash and personal property amounting to $1,244.45, to pay said claims, and to sell a sufficient amount of the real estate to satisfy the remainder. The appellee, pursuant to the judgment, and in the manner provided by law, made said sale of the real estate without objection by the appellants, to one Mary Ward Scott, and the sale was thereafter duly confirmed by the court, without objection by the appellants. The appellants prayed an appeal from the judgment, which appeal was allowed.

It was not urged by the appellants in the lower court or here that the claims of the petitioner had been unjust, improper, fraudulent, nor do they present any other legal or equitable grounds why the allowance of the claims, to satisfy which this action was brought, is invalid, other than the fact that

notice was not given to the appellants of the hearing had in the probate court of New Mexico, involving the petitioner's claims, and also that the judgment of the Kentucky court is controlling.

■ The appellants fail to cite and we can find no provision in our law which requires notice to be given to heirs, legatees, devisees, creditors, or others who may be interested in an estate upon hearings to be had by the probate court before claims are allowed against the estate. 1929 Comp. St. § 47-504, provides for notice to the executor or administrator, but none to the heirs or legatees, and failure to give notice to the appellants before the claim of petitioner was allowed, by the probate court of Union county, does not make the judgment of the probate court of Union county granting the petitioners' claim invalid.

It might be salutary that notice be given to heirs and others interested before claims are allowed by probate courts. In many instances the allowance of claims have far-reaching effects. Most important interests, the estates of widows and children, are involved. But, when the appellee's claims were allowed, the law was clear that no notice to the appellants was required.

■ The appellants' contention that the judgment of the Kentucky court, entered approximately two and one-half years subsequent to the New Mexico judgment, is controlling, and therefore the real estate of the decedent should not be sold to pay the claim of appellee, is without merit.

■

What the appellants seek to do here, in an action to sell real estate of a decedent to pay debts, is to wage the judgment of the Kentucky court against the judgment of the New Mexico probate court. The presumption is in favor of the validity of the judgment of the probate court of New Mexico, and such presumption cannot be overcome by the judgment of a court of another jurisdiction.

We held in the case of Sheley v. Shafer, 35 N. M. 358, at page 370, 298 P. 942, 948, as follows: "The law is well settled that an administrator in one jurisdiction is not in privity with an administrator of the same estate in another jurisdiction."

■■ There being no privity between administrators appointed in different states, a judgment obtained in the Kentucky court is not binding upon the administrator of this state, nor is the judgment obtained in the Kentucky court evidence of the debt in this state. The judgments of the probate court of New Mexico are entitled to the same favorable presumptions and the same immunity from collateral attack as are accorded those of courts of general jurisdiction. They are final and conclusive, unless corrected on appeal.

■ We do not hold that the judgment of the probate court allowing the claims, without notice to the heirs, was conclusive in this suit against the heirs to sell their real estate. We do hold that the fact that the claims were allowed without notice to the heirs was not in itself a sufficient defense in this suit. It should have been accompanied, in allegation

and proof, by other facts showing that the claims were not just and legal.

The action of appellee was brought under the provisions of 1929 Comp. St. c. 105, art. 21, which is a statutory proceeding in the district court for the sale of real estate of decedents where the personal estate of said decedent is insufficient to discharge the just debts allowed against the estate; the validity of said claims having first been determined in the proper court.

In a proceeding to sell decedent's real estate to pay valid claims, the statute governing such procedure provides that the court upon the hearing of the cause, upon the issues formed, shall hear proofs on the issues tendered, and, if it shall appear that the personal estate will be insufficient to discharge the just debts and claims allowed against the estate and the legacies charged thereon, and expenses of administration, the court shall determine the amount of deficiency, and may direct that the real estate, or such portion thereof as may be necessary, be sold or leased by the executor or administrator, or that the executor or administrator raise money for the discharge of such debts and legacies, by mortgage of all or any part of such real estate or that any part of such real estate be sold, and the residue, or any thereof, be mortgaged or leased, according as may seem most for the interest of all persons interested in the estate. 1929 Comp. St. § 105-2107.

The trial court found that the claims of appellee were valid existing claims, and that there was insufficient personal property or cash to pay the same, and entered judgment directing the appellee, as ancillary executor, to first employ the personal property and cash of the decedent to pay said claims, and to sell a sufficient amount of real estate to satisfy the remainder. No objection was made to said judgment by the appellants. The appellee, pursuant to the judgment, and in the manner provided by law, made said sale of the real estate, and the sale was thereafter duly confirmed by the court. In this we find no error.

The judgment of the district court is therefore affirmed. It is so ordered.

WATSON, C. J., and SADLER and BICKLEY, JJ., concur.

HUDSPETH, Justice (dissenting).

A further statement of facts seems desirable. Two years before the death of J. P. Ware, a resident of Kentucky, the father of appellee, the appellee entered a 600-acre farm of decedent, rent free, except for the payment of taxes, under written contracts of lease containing provisions for compensating of appellee for any improvements which he might put upon the land. These contracts are set out in the amended answers of the minor defendants and the Farmers' National Bank of Danville (denominated in appellee's petition herein as "primary executor"), where it is denied that appellee made any improvements on the land. It is alleged that all improvements thereon were made by the decedent. While it is admitted that the claims of appel-

lee were allowed by the probate court of Union county, N. M., their justness and validity are denied. These amended answers set up as further defense in this cause that appellee filed his answer in a certain cause pending in the circuit court of Boyle county, Ky., wherein the Farmers' National Bank of Danville, executor of the estate of J. F. Ware, deceased, instituted suit against the various heirs, legatees, and devisees for the purpose of selling certain real estate in order to raise funds with which to pay debts, etc.

"In which said suit said Luther W. Ware set out his claims in the sum of $1500 and the sum of $3175 against such estate, and that in said court in said cause above mentioned the said Luther W. Ware was only adjudicated the sum of $400 in full settlement of his claim against the estate of J. F. Ware on account of the care and maintenance of Charles O. Ware and Stanley Ware, with interest thereon at the rate of 6% per annum from the 18th day of May, A. D. 1928 until paid, and in which said action the said claim of Luther W. Ware on account of improvements placed upon the lands and real estate of J. F. Ware, deceased, which were located in Union County, New Mexico, was disallowed entirely, and that said claims have been fully adjudicated and determined by a court of competent jurisdiction, and that he is now barred and estopped from asserting the same in this court."

The amended answers further allege that appellee had failed and refused to account for crops raised upon said lands, "and that a strict and true accounting should be required of the said Luther W. Ware to determine whether or not it is necessary that the lands described in the petition of the ancillary executor should be sold."

Sections IV and V of appellee's reply are as follows:

"IV. That the claims, as evidenced by plaintiff's exhibits A and B upon which plaintiff's petition herein is based, are res judicata, having been allowed by the Probate Court of Union County, New Mexico, and from the judgment of which court no appeal was taken within the time limited by law, and which judgments are still unappealed from.

"V. That he admits that subsequent to the allowance of the aforementioned claims by the Probate Court of Union County, New Mexico, he did, at the special request and instance of the Farmers National Bank of Danville, executor of the estate of J. F. Ware, deceased, present said claims as allowed by the Probate Court of Union County, New Mexico to said primary executor for payment; he denies, however, that he has received any sum whatsoever from said primary executor in satisfaction of said claims or either of them, or that he is now barred and estopped from asserting said claims in this court in order that they may be paid in accordance with the decree of the Probate Court of Union County, New Mexico."

The trial court heard evidence only as to the rents and profits, apparently upon the theory that the probate court had not passed judgment on that issue. Following a blank

space in the record, which it is admitted is not complete, having been made by a substitute in the absence of the regular court reporter, there appears the following: "Mr. Easterwood: Exception to the refusal of the court to examine into the justness or unjustness of these accounts and the proceedings of the Kentucky courts. * * *"

The record is not sufficient to invoke a ruling of this court on the point, but I am convinced that the trial court adopted appellee's theory that he was bound by the judgment of the probate court allowing the claims of appellee, and that he could not go into the question of the justness or validity of those claims. This erroneous ruling resulted in an apparent miscarriage of justice, depriving the heirs and legatees of not only the 600-acre farm on which the improvements were claimed to have been made, but 1,480 acres of New Mexico lands in addition. The appellee in this court, as in the court below, maintains that the probate orders, or so-called judgments, were not subject to attack in the district court, and on the subject of notice and hearing his brief states: "Moreover, the only notice required by the New Mexico statutes for a hearing upon a claim against the estate of a decedent is notice to the administrator, that is, the legal representative of such estate. The claims in issue having been those of the administrator himself, there can be no question of notice to him."

The proceeding in the probate court was purely ex parte, and it may well be questioned whether the so-called judgments are not nullities. The courts are liberal in upholding probate judgments (Goodrich v. Ferris, 214 U. S. 71, 29 S. Ct. 580, 53 L. Ed. 914); but some notice is required (34 C. J. 1172, 1176). Otherwise the due process rule that substantial rights of property cannot be impaired without an opportunity being given parties interested to present their case is violated. In Smith v. Montoya, 3 N. M. (Gild.) 13, 1 P. 175, 179, the territorial court said: "Even in proceedings in rem against the property of non-resident debtors, the citation by publication or otherwise to the defendant, as expressly provided by law, must be given, whereby they may have their day in court, otherwise the court will acquire no jurisdiction or authority to adjudge a sale of their property to satisfy their debts."

In Evens v. Keller, 35 N. M. 659, 6 P.(2d) 200, 203, Mr. Justice Sadler, speaking for the court in reference to an ex parte adoption proceeding in our probate court, said: "It is, of course, abhorrent to recognized standards of justice that a party should be condemned without hearing or his cause adjudicated in his absence and without notice."

The theory that the ancillary executor represented the heirs and other interested parties is not applicable in this case. Freeman on Judgments (5th Ed.) § 492, says: "He cannot be considered as their representative where he is acting in his own interest which is antagonistic to theirs"—citing Sartor v. Newberry Land & Security Co., 104 S. C. 184, 88 S. E. 467.

The effect to be given a judgment allowing a claim in proceedings to sell real estate to pay debts is a question on which there is much diversity of opinion. 24 C. J. 605. It is held by the courts of several states that the allowance of claims by a probate court is not even prima facie evidence of debt in proceedings to sell real estate unless made so by statute. Staples v. Staples, 85 Va. 76, 7 S. E. 199. Saddler v. Kennedy, 26 W. Va. 636. Tome Inst. v. Davis, 87 Md. 591, 609, 41 A. 166. In New York only judgments recovered on the merits are prima facie evidence. O'Flynn v. Powers, 136 N. Y. 412, 419, 32 N. E. 1085; Long v. Long, 142 N. Y. 545, 552, 37 N. E. 486. In most states probate courts have jurisdiction of proceedings to sell real estate to pay debts. The Legislature has not seen fit to vest our probate courts with such power. 1929 Comp. St. § 105–2102, provides that the petition in these cases shall contain a statement of "the amount of debts * * * allowed against the estate and the amount still existing and not allowed so far as the same may be known." There is no statutory provision as to the effect to be given probate orders allowing claims.

In Huneke v. Dold, 7 N. M. 5, 32 P. 45, 48, the territorial court held: "The judgment in this case, as set forth in the bill, is against an administrator. Administrators are not invested with title to the real estate of their intestates. Judgments against them, even in their official capacities, are not liens on real estate. Such judgments can be satisfied out of the lands of the deceased only in the same manner in which satisfaction of other demands may be procured,—by an application to the court directing the administrator to sell real estate. On this application the judgment is neither entitled to be treated as a lien, nor as conclusive evidence of the debt."

It may be argued that the appellant, the domiciliary executor, consented to the proceeding in the probate court of Union county by intrusting appellee with the collection by suit as ancillary executor of notes and mortgages of the estate. (The petition shows that appellee received notes secured by New Mexico mortgages amounting to some $4,000, and that the estate, by foreclosure proceedings, acquired title to 840 acres of the mortgaged lands.) But the authorities are against extending by construction the scope of the consent or the scope of the jurisdiction of the court. Coyne v. Plume, 90 Conn. 293, 97 A. 337; Bodie v. Bates, 95 Neb. 757, 146 N. W. 1002, L. R. A. 1915E, 421; Matter of Graham, 39 Misc. 226, 79 N. Y. S. 573; Clough v. Ide, 107 Iowa, 669, 78 N. W. 697.

In this case the appellee sues as ancillary executor, but his petition shows that he is the only creditor, and he might have sued as a creditor. First National Bank of Albuquerque v. Lee, 8 N. M. 589, 45 P. 1114. Moreover, it is held that, where one litigates as an individual, and subsequently brings an action in a representative capacity, and it appears that the plaintiff's rights in the two suits are identical, the judgment in the former suit will be a bar to the later proceeding. Lake v. Weaver, 80 N. J. Eq. 395, 86 A. 817;

Linton v. Omaha Wholesale Produce Market House Co., 218 F. 331, 133 C. C. A. 336; 34 C. J. 998; note, Ann. Cas. 1918E, 1107.

The appellee appeared voluntarily in the Kentucky court, was represented by counsel, and litigated his claim in that court in a proceeding similar to the case at bar. I see no reason why the tendered exemplification of that Kentucky judgment should not have been received in evidence by the trial court. The issue in the Kentucky case was the amount of the indebtedness of the estate to the appellee. The same issue was involved here. In Atherton v. Hughes, 249 Ill. 317, 94 N. E. 546, 550, the court said: "As to the first class, which aggregate the sum of $1,578.10, less a dividend of 12½ per cent., the adjudication upon the first application for the sale of real estate is conclusive in this proceeding. In Judd v. Ross, 146 Ill. 40, 49, 34 N. E. 631, in speaking of claims which were before the court on a former application, the court said: 'The former proceeding was * * * between the same parties. The claims involved in that case and in this are the same. Their validity was passed upon and determined. * * * The question of the validity of the claims is therefore res judicata.'"

It is true that in that case the court was referring to a previous proceeding to sell real estate situate in the same state, but under the full faith and credit clause it seems to me that the same rule would apply to the Kentucky judgment. In Roche v. McDonald, 275 U. S. 449, 48 S. Ct. 142, 143, 72 L. Ed. 365, 53 A. L. R. 1141, it is stated: "It is settled by repeated decisions of this Court that the full faith and credit clause of the Constitution requires that the judgment of a State court which had jurisdiction of the parties and the subject-matter in suit, shall be given in the courts of every other State the same credit, validity and effect which it has in the State where it was rendered, and be equally conclusive upon the merits; and that only such defenses as would be good to a suit thereon in that State can be relied on in the courts of any other State. [Citing cases.] This rule is applicable where a judgment in one State is based upon a cause of action which arose in the State in which it is sought to be enforced, as well as in other cases; and the judgment, if valid where rendered, must be enforced in such other State although repugnant to its own statutes."

The question here is not whether the Kentucky court has "power to reach out for persons and things beyond the lines of the state" (Moore v. Kraft (C. C. A.) 179 F. 685, 686), nor whether a judgment against or in favor of an executor in one state is binding upon the executor of the same estate in another state, but whether the judgment between a creditor and heirs and the personal representatives in one state in a proceeding to sell real estate is binding upon that creditor in another state. The fact that he happens to be the ancillary executor of the same estate in the other state is beside the issue. It is also beside the issue in this case that the creditor, as ancillary executor, was inadvertently aided by the

court in the betrayal of a trust. The domiciliary executor could have sold the New Mexico notes and mortgages and his assignee could have sued thereon in our courts (Owsley v. Central Trust Co. of New York [D. C.] 196 F. 412), and the proceeds of the sale of this personal property would have been administered in the Kentucky court and not appropriated in satisfaction of a claim which that court found without merit. This matter was not brought to the attention of the trial court, but it is an additional reason why this court, in the exercise of its inherent power to protect fundamental rights and its constitutional power to see that justice is judicially administered, should reverse the judgment. State v. Garcia, 19 N. M. 421, 143 P. 1012, Schaefer v. Whitson, 32 N. M. 481, 259 P. 618. I therefore dissent.