[No. 1024.   September 13, 1904.]

LEANDRO GUTIERREZ, Administrator, etc., Plaintiff in Error, v. FREDERICK SCHOLLE, Defendant in Error.

### SYLLABUS.

1. The judgment of a probate court allowing a claim against an estate in the form of a promissory note which is not sworn to is erroneous but not void for want of jurisdiction. Clancy v. Clancy, 7 N. M. 405, overruled *pro tanto*.

2. A judgment of allowance of a claim against an estate of a deceased is not a complete and effective judgment until an order on the administrator to pay is obtained, and a proceeding to obtain such order is not an action on the judgment of allowance within the meaning of section 2914, Compiled Laws, 1897.

Error to the district court of Valencia county, before BENJAMIN S. BAKER, Associate Justice.   Affirmed.

E. V. CHAVEZ for plaintiff in error.

The first step to be taken in proving claims against an estate, is to have such claims stated in detail, sworn to and filed by claimant.

Sec. 27 of chap. 90, Laws 1889 of N. M., which amended sec. 1399 of the Compiled Laws of N. M. 1884; Clancy v. Clancy, 7 N. M. 411.

This action is barred by the statute of limitations of New Mexico.

Secs. 2913 and 2914, Comp. Laws 1897.

Judgments of a probate court are as final and conclusive as the judgments and decrees of any other courts.

1 Freeman on Judgments, sec. 319b; 1 Black on Judgments, sec. 641; Moore v. Hildebrant, 65 Am. Dec. 118, and footnotes; Roach v. Martin's Lessee, 27 Am. Dec. 746, and 48 Am. Dec. 760; Merrill v. Harris, 57 Am. Dec. 359.

E. W. DOBSON for defendant in error.

A probate court has power to appoint an administrator *de bonus non,* when it is made to appear that there are any assets unadministered upon, and that there are unpaid claims against the Estate, and the rule is just the same whether a creditor has been appointed as such administrator, or some other person.

> Duncan v. Watson, 28 Miss. 187; Britton v. Dickson, 104 N. C. 550; Bancroft v. Andrews, 60 Mass. (6 Cush.) 493; Tillson v. Ward, 46 Ill. App. 179.

### OPINION OF THE COURT.

PARKER, J.—Rafael Gutierrez died in January, 1892, and in the same year the probate court appointed administrators of his estate. Two claims against said estate were approved by said probate court in favor of defendant in November and December, 1892, respectively. One of these was a note and one an account. In 1895 the probate court declared the estate insolvent and discharged the administrators. In 1900 the plaintiff was appointed administrator *de bonis non* of the estate and as such came into the possession of a sum of money. Thereupon, in 1902, defendant filed a petition in the probate court asking that plaintiff be directed to pay the claims of defendant theretofore allowed. This petition was denied and defendant appealed to the district court, where his petition was granted and plaintiff directed to forthwith pay defendant's claims in the sum of $1,075.42. Plaintiff brings the cause here on writ of error.

The first proposition presented by plaintiff is that the claims of defendant were never properly allowed by the probate court. It does not appear in what form the claim for the account was presented, the same having been lost from the files. In the absence of any

showing to the contrary, it will be presumed that all the procedings to have the claim allowed were regular. Section 2015, Comp. Laws 1897.

In regard to the note it appears that the same was presented and endorsed with the approval of the probate judge. It does not appear that the same was filed and sworn to as required by section 1967, Comp. Laws 1897, the pertinent provisions of which are as follows:

"It shall be the duty of the probate judge to hear and determine claims against the estate. All such claims shall be stated in detail, sworn to and filed. . . ."

Counsel relies upon this section and the construction put upon it by this court in Clancy v. Clancy, 7 N. M. 405.

It may be said that this claim was stated in detail within the requirements, as the note itself furnished a complete statement of the claim. It does not affirmatively appear that the note was not filed. It fails to bear any file mark, but when the claimant presents for allowance and leaves with the probate court his claim, as appears in this case, he may, we think, be said to have filed his claim. In the absence of a showing to the contrary, it will be presumed that this was done by the claimant. Section 2015, Comp. Laws of 1897. It does appear, however, that the note in the form shown in evidence was the same as presented to the probate court. It was not sworn to in the sense that any written affidavit was attached to the same and filed therewith. Ordinarily, of course, a note in the possession of the payee is itself evidence of every fact necessary to establish the liability of the maker to pay the amount due thereon according to its terms. The rule might well be the same when a note is filed as a claim against the estate of a deceased maker, but for the terms of the statute, section 1967, Comp. Laws 1897. This section makes no distinction between different classes of claims and requires all claims alike to be sworn to. The form of

verification is not prescribed but it seems clear that the same must be in writing. If a claim must be filed, it must be in writing, and if in writing and sworn to, it would seem that the verification must be in writing. The requirement of the statute would seem to be the filing of a verified claim. This was not done. Plaintiff urges that this defect was jurisdictional and rendered the judgment of allowance void. This was in effect the holding of this court in Clancy v. Clancy, supra. In that case an appeal was taken from the allowance of an unverified claim against an estate to the district court, where the same was disallowed and, upon appeal, the judgment was here affirmed. In that case this court held in effect that an unverified claim is no claim and furnished no basis for the exercise of jurisdiction by the probate court.

We think this holding unduly stringent. In the first place the holding was unnecessary to a decision of that case, the attack upon the judgment being direct and by way of appeal. It was sufficient to decide that the judgment of the probate court was erroneous. We do not, therefore, feel bound to adhere to a dictum of this court unless, upon principle, the same seems to be sound.

The probate court is clothed with jurisdiction to hear and allow or disallow claims against estates of decedents. It has jurisdiction of the subject-matter. In this case it had jurisdiction of the parties. It had power to decide correctly that it would be erroneous to allow an unverified claim in the form of a promissory note, and it likewise had power to decide, erroneously, as it did, that it might allow such unverified claim. We can see nothing in section 1967, Comp. Laws 1897, which makes the verification of the claim essential to give the court jurisdiction to act. Its effect is to direct the court to disallow any claims not verified. If the court mistakes the law he simply falls into error, which may

be corrected on appeal, but his action is not void for want of jurisdiction.

This is a collateral attack upon the judgment of allowance and of course, the error, although apparent, will not be available, it not being jurisdictional. Clancy v. Clancy, 7 N. M. 405, in so far as it conflicts with this conclusion, is overruled.

It follows, therefore, that the district court, in holding that the judgments of allowance were not open to the attack made upon them, was correct.

The second point made by the plaintiff is the statute of limitations. The judgments of allowance were made in 1892, ten years prior to the filing of the petition of defendant in the probate court for the order on the administrator to pay. Plaintiff urges that the filing of this petition was an action founded upon the judgments of allowance within the meaning of section 2914, Comp. Laws 1897, which is as follows:

"Actions founded upon a judgment of any court of the Territory of New Mexico may be brought within seven years from and after the rendition of such judgment, and not afterwards, . . . "

We cannot agree to this contention. This proceeding is in no sense an action on the judgments of allowance. It was an application simply to the probate court to direct the administrator to distribute the funds in his hands as such to defendant as a creditor of the estate, as is authorized by Laws of 1901, p. 155, section 26. This order was necessary to render the former judgments of allowance effective. Until the order to distribute was made in this case, there was no obligation to pay on the part of the administrator. There was no complete and effective judgment until that time. This was true even before the act of 1901, supra. While no procedure of this kind was heretofore specifically provided by statute, the administrator has always been required to account to the probate court and we know of no provision of law requiring him to pay creditors until so directed

by the probate court.   It follows that neither was there a complete judgment against which the statute of limitations would begin to run, until, at least, the order to pay was obtained, nor is this an action on a judgment within the meaning of section 2914, Comp. Laws 1897.

It follows that the judgment of the lower court should be affirmed.   And it is so ordered.

Mills, C. J., Pope, and McFie, JJ., concur.

Baker, A. J., having tried this case below, and Mann, A. J., not having heard the argument, did not participate in this decision.