[No. 2720.   May 29, 1923.]

## KERR v. HARDWICK et al.

(SYLLABUS BY THE COURT.)

In a foreclosure proceeding in which there is both a decree of foreclosure and a common-law judgment for the money, but where the right to enforce the latter is expressly withheld until after the sale of the mortgaged property, and then only for the amount of any deficiency resulting from said sale, the statute of limitations (section 3347, Code 1915) be-

gins to run against said judgment, not from its date, but from the date of the ascertainment of the amount of the deficiency, and the awarding of execution for such deficiency.

Appeal from District Court, Eddy County; Brice, Judge.

Action by Mrs. Cesarine A. Kerr against Eugene Hardwick and another. From a judgment for plaintiff, defendants appeal. Affirmed.

J. B. Atkeson, of Artesia, for appellants.

Guy A. Reed, of Carlsbad, for appellee.

### OPINION OF THE COURT.

PARKER, C. J. An action was instituted by appellee for the foreclosure of a mortgage against appellants, which resulted in a decree· of foreclosure on October 23, 1913. The decree provides, among other things:

"It is therefore ordered, adjudged, and decreed that the plaintiff have judgment against defendants, and each of them, in the sum of $10,000, with interest," etc. "It is further ordered, adjudged, and decreed that plaintiff's mortgage * * * be foreclosed; * * * that Howard C. Kerr be and he hereby is appointed special master for the purpose of selling said property and paying to the plaintiff the net proceeds realized from said sale, he being instructed to pay to the clerk of this court any surplus there may be from said sale over and above the amount necessary to pay the plaintiff's judgment herein; in the event the amount realized from said sale is insufficient to pay the judgment rendered herein, the plaintiff may have execution for the deficiency."

In due time a sale of the property was had under the decree, which resulted in a deficiency, and ·the court upon confirming the master's report provided:

"And the court further finding that there is a deficiency of $1,364.53, doth order that plaintiff have a deficiency judgment in the sum of $1,364.53 against the said defendants, * * * for which amount let execution issue."

On January 21, 1921, appellee brought action upon said judgments, which resulted in a judgment in her

favor for the amount of said deficiency, together with interest and costs.

[1]     The sole defense interposed in the action was the plea of the statute of limitations. It is urged here that the original judgment having been entered on October 23, 1913, and this action not having been instituted until January 21, 1921, that more than seven years had expired since rendition of the judgment, and that therefore no action could be maintained thereon by reason of the statute of limitations of seven years upon judgments, as provided by section 3347, Code 1915. If the date of the original judgment is to govern the matter, it is plain that the judgment had become barred by the statute. It appears, however, that this judgment was not intended by the court to be a regular common-law judgment; but, on the other hand, it is the regular and usual form of the decree in a foreclosure proceeding. It is a mere finding that the defendants were indebted to the plaintiff in the amount ascertained to be due, although the court orders that the plaintiff have judgment against the defendants. Even assuming that this would operate as a common-law judgment, its operation was restricted by the language used in the latter part of the decree to the effect that the plaintiff should not have execution on the judgment until after the incoming of the master's report of sale, and then only for the deficiency arising out of the sale. So there was no operative judgment, at least until the date of the confirmation of the sale and the entry of the so-called deficiency judgment. If this is to be the date when the statute of limitations begins to run, less than seven years had elapsed, and the plea of the statute of limitations was not available.

The territorial court considered the question of when the time begins to run against a judgment under the provisions of this section in Gutierrez, Adm'r, v. Scholle, 12 N. M. 328, 78 Pac. 50. That was a case where a claim had been allowed against an estate, but

no order had been made on the administrator to distribute the estate to the creditors. In that case we said:

"This order was necessary to render the former judgments of allowance effective. Until the order to distribute was made in this case, there was no obligation to pay on the part of the administrator. There was no complete and effective judgment until that time."

Just so in this case. While there was an announcement in the decree that judgment is awarded to the plaintiff against defendants, the right to enforce the judgment is expressly withheld in the decree until the incoming of the master's report of sale, and the determination of whether or not there was a deficiency. An effective common-law judgment was therefore never rendered until January 24, 1914, when the amount of the deficiency was ascertained and the so-called deficiency judgment was rendered and execution awarded. Until that time the amount of the award remained contingent and the right to enforcement was withheld. The judgment was then for the first time an enforceable common-law judgment in personam, and was then "rendered" within the meaning of section 3347, Code 1915.

Counsel concedes that both a common-law judgment in personam and a decree in rem may be rendered in the same cause, and that they may be so rendered concurrently or at different times. Where he is in error is in assuming that the date of the original decree, rather than the date of the ascertainment of the amount of the deficiency, is the date of the starting of the statute.

It follows that appellants are not in a position to complain of the judgment and that it should be affirmed, and it is so ordered.

BRATTON and BOTTS, JJ., concur.