[No. 3216.   Dec. 31, 1927.]

In re LANDERS' ESTATE.

OSBORN et al. v. OSBORN.

[263 Pac. 509.]

Fitzhugh & Fitzhugh, of Clovis, for appellant.

A. W. Hockenhull and Patton & Patton, all of Clovis, for appellees.

OPINION OF THE COURT

PARKER, C. J.   On January 5, 1925, H. W. Osborn filed in the probate court of Curry county, New Mexico, a petition for letters of administration of the estate of George W. Landers, deceased.   Such proceedings were there had as resulted in the appointment and qualifying of H. W. Osborn as administrator, and notice was given to creditors to present their claims.   Claims were filed in the probate court against the estate.   Some were approved by the administrator, some were allowed by the probate court, and others were not passed upon.   On June 7, 1926, W. B. Osborn filed a petition in the probate court for the removal of H. W. Osborn as administrator, and an order to show cause was issued to H. W. Osborn, who filed

answer to the same July 9, 1926. To this answer W. B. Osborn filed reply July 9, 1926. Nothing further was done on this motion in the probate court.

██ ██ On August 13, 1926, W. B. Osborn filed a petition in the district court of Curry county to remove the administration of the estate from the probate court to the district court, under the provisions of chapter 40 of the Session Laws of 1919, and on the same day the district court entered an order of removal and ordered that all the files of the probate court in said estate be transferred and docketed in the district court. On August 27, 1926, W. B. Osborn filed a motion in the district court to strike and hold for naught claims of W. T. Snell, J. M. McCuan, H. W. Osborn, and Clara Williams, upon the ground that the same were not filed until after the statute of limitations had run. Numerous pleadings were filed upon this motion, both by the claimants and movent; also additional pleadings were filed on the motion to remove H. W. Osborn as administrator.

On September 11, 1926, hearing was had upon all motions and issues joined, and the district court thereafter did enter orders and judgments overruling all motions of W. B. Osborn, and allowing the claims of H. W. Osborn, J. M. McCuan, and Clara Williams as claims against the estate, to all of which W. B. Osborn duly excepted and prayed an appeal to this court, which was granted on September 11, 1926. Transcript of record was filed in this court November 30, 1926, and after appellant had filed · his brief in chief appellees moved to dismiss the appeal for the following reasons :

"(1) That it appears from the transcript of record filed herein that appellant, W. B. Osborn, has no interest in the subject-matter of the within action.

"(2) That it appears from the transcript of record filed herein that appellant, W. B. Osborn, was not aggrieved by the judgment rendered in the trial court."

Appellees, in their brief in support of the motion to dismiss the appeal, contend that, although appellant alleged at all times that he was assignee of the only living heir of George W. Landers, and assignee of certain claims against

the estate, he never at any time introduced proof in support of such allegations, although the burden of proving such allegation was upon him, and that therefore the record fails to show that appellant had any interest in the subject-matter or was aggrieved by the judgments and decrees appealed from.

Appellees are clearly in error. It appears in the transcript of record on file in this case that W. B. Osborn was the owner by assignment of an approved and allowed claim against the estate, and had succeeded to all the rights and interests of Sarah Sue Martin, daughter and heir of George W. Landers, deceased, and therefore had a substantial interest in the subject-matter of the action of proceedings.

Motion to dismiss the appeal is therefore denied; and it is so ordered.

BICKLEY and WATSON, JJ., concur.