## EDWARD THOMPSON CO. v. THOMAS.

### No. 5071.

Court of Appeals of District of Columbia.

Argued March 10, 1931.

Decided April 6, 1931.

Albert E. Steinem and Milton D. Korman, both of Washington, D. C., for plaintiff in error.

H. F. Kennedy, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

On April 12, 1921, the Edward Thompson Company recovered a judgment against Oscar C. Thomas for $264.26, by consideration of the municipal court of the District of Columbia.

On August 23, 1924, the company brought suit against Thomas in the corporation court of Alexandria, Va., to recover judgment upon a record of the former judgment as a subsisting cause of action against him. Thomas was personally served with summons in the case but made no defense, whereupon judgment was rendered against him in the amount of the former judgment, with interest and costs.

Afterwards in the year 1928, the company sued Thomas in the municipal court of the District of Columbia, in the present case, to recover a judgment upon the record of the judgment last above named, as a still subsisting cause of action against him. Thomas moved to dismiss the suit upon the ground that at the time when the suit was begun in the corporation court of Alexandria the judgment upon which it was founded—that is to say, the judgment theretofore rendered by the municipal court of the District of Columbia—was not in force, inasmuch as it had been rendered more than three years prior to the commencement of the suit, citing section 12, D. C. Code of Laws as then in force (D. C. Code 1930, T. 18, § 213). Defendant contended that the judgment rendered in the corporation court was therefore not a valid judgment nor a subsisting cause of action against him and that no lawful judgment could be predicated upon it. This motion was sustained by the court; the suit was accordingly dismissed; and that ruling is here for review.

The ruling in question was erroneous. It is not denied that the corporation court of Alexandria had jurisdiction of actions at law brought for the recovery of money upon account, nor is it denied that summons was served upon Thomas personally in the case wherein the judgment was rendered against him by that court. Therefore, since the court had jurisdiction of the parties and the subject-matter, its judgment is not open to collateral attack in this case. "A collateral attack upon a judgment has been defined to mean any proceeding in which the integrity of a judgment is challenged, except those made in the action wherein the judgment is rendered or by appeal, and except suits brought to obtain decrees declaring judgments to be void ab initio. A scire facias or an action at law upon a domestic judgment is a collateral proceeding so far as any attack upon the judgment is concerned, and if the defense is set up that the judgment is void

in an action to revive such judgment, it has been held that such defense constitutes a collateral attack." 15 R. C. L. 838, § 311. This rule prevails even if the judgment attacked is entirely erroneous, or is based upon a mistake of law. "A judgment is conclusive as to all the media concludendi, and it cannot be impeached either in or out of the State, by showing that it was based on a mistake of law. A judgment of a court of a State in which the cause of action did not arise, but based on an award of arbitration had in the State in which the cause did arise, is conclusive, and, under the full faith and credit clause of the Federal Constitution, must be given effect in the latter State, notwithstanding the award was for a claim which could not, under the laws of that State, have been enforced in any of its courts." Fauntleroy v. Lum, 210 U. S. 230, 28 S. Ct. 641, 52 L. Ed. 1039; United States v. California & Oregon Land Co., 192 U. S. 355, 24 S. Ct. 266, 48 L. Ed. 476; Am. Exp. Co. v. Mullins, 212 U. S. 311, 29 S. Ct. 381, 53 L. Ed. 525, 15 Ann. Cas. 536.

In the present instance Thomas had his day in court when he was personally called upon to answer to the suit in the corporation court of Alexandria. He was entitled then to make his defense, and to avail himself of all lawful remedies by way of appeal or proceedings in error had he so desired. He cannot in this case challenge the judgment then rendered.

The judgment of the municipal court is reversed, and this cause is remanded for further proceedings not inconsistent herewith.