50 P.(2d) 429

DANIEL v. CLARK et al.

No. 4058.

Supreme Court of New Mexico.

Sept. 16, 1935.

W. H. Patten, of Hobbs, for appellants.

John R. Brand, of Hobbs, for appellee.

BRICE, Justice.

This is a suit on a promissory note brought by appellee against the appellants. From a judgment for the appellee, appellants have appealed. Both parties requested findings of fact and conclusions of law. The court adopted all of such requests made by the appellee and a portion of those made by appellants. Among the latter was requested finding of fact No. 5, which reads as follows: "That the defendant never paid out his contract on lots 1, 2 and 3 in Block 18 of the original Town of Hobbs, Lea County, State of New Mexico, and never has owned the same, and said pavement was never put in."

From the court's disposition of the case we are satisfied that the finding was adopted by the court without noticing the words "and said paving was never put in," but it is not objected to and stands as a finding of the court for whatever it is worth.

■ The defense to the note was forgery, but in addition to this the defendant pleaded the general issue, which included the defense of failure of consideration. Staab v. Ortiz, 3 N. M. 33, 1 P. 857; 3 R. C. L. title Bills and Notes, § 140.

■ Appellants made no point of the fact that the court failed to make a definite finding on the issue of failure of consideration, or on any other issue; but only that the court having adopted their requested finding No. 5 (above set out), they were entitled to judgment, because thereby the court found that the consideration given for the note had failed. But the above finding does not contain sufficient facts to establish failure of consideration. What was the consideration promised or given for the note? What pavement was never "put in"? What did the pavement have to do with the note? The finding is silent as to these necessary facts if failure of consideration was an issue. Even though the trial court erred in not making definite findings of fact (Apodaca v. Lueras, 34 N. M. 121, 278 P. 197), no point is made of it by appellants, nor of the fact that their requested findings, or any of them, were not adopted.

■ When findings of fact are made by the trial court in a case tried to it and no question is raised in this court as to the sufficiency of the evidence to support them or any of them, or of the failure of the court to make findings, the only question here is one of law: Are the facts found by the court sufficient to support the judgment? Hartley v. Eagle Insurance Co., 222 N. Y. 178, 118 N. E. 622, 3 A. L. R. 1379; Eaton v. Standard Oil Co. of New York, 100 Conn. 443, 124 A. 21; Artificial Ice Co. v. Reciprocal Exchange, 192 Iowa, 1133, 184 N. W. 756; 64 C. J. 1246; Baker v. Trujillo De Armijo, 17 N. M. 383, 128 P. 73. Finding of fact No. 5, requested by appellants and allowed by the court, taken alone or with other facts found, establishes no defense. Those requested by appellee and adopted by the court, while vague and indefinite, are sufficient to sustain the judgment. La Luz Community

Ditch Co. et al. v. Town of Alamogordo, 34 N. M. 127, 279 P. 72.

The judgment of the district court is affirmed, and the case remanded. It is so ordered.

SADLER, C. J., and HUDSPETH, BICKLEY, and ZINN, JJ., concur.