60 P.(2d) 945

In re FIELD'S ESTATE.

No. 4115.

Supreme Court of New Mexico.

Nov. 10, 1936.

W. A. Keleher and T. E. Jones, both of Albuquerque, for appellant.

Hugh B. Woodward, Henry G. Coors, and Mechem & Hannett, all of Albuquerque, for appellee.

Wilson & Watson, of Santa Fé, amici curiæ.

## PER CURIAM.

Upon consideration of the appellee's second motion for rehearing, we have concluded to withdraw the original opinion and substitute the following:

BRICE, Justice.

The appellant, Emilia M. Perea, filed a claim against the executors of the estate of Neill B. Field, deceased, which was allowed by the probate court of Bernalillo county as "a preferred claim" by an order duly entered. A petition was filed to "re-classify" such claim, to which a demurrer was directed. The demurrer was overruled and claimant stood thereon. From a judgment reclassifying such claim as of the third class, this appeal was prosecuted.

The facts are substantially as follows: On the 17th day of December, 1932, the will of Neill B. Field was admitted to probate in the probate court of Bernalillo county, N.M.; thereafter on the 21st day of March, 1933, Emilia M. Perea filed a claim with the executrix of said estate, which the latter approved, the substance of which was as follows:

"That prior to the death of said Neill B. Field, this claimant deposited with him various sums of money from time to time, there being a balance due her as of October 31, 1932, in the sum of $7,172.17.

"That the ownership of said money was not in the intestate at the time of his demise but was held by him for the beneficial interest of this claimant under an understanding and verbal agreement whereby from time to time said Neill B. Field paid over to this claimant such sums as she required for her living expenses. That under the laws of the State of New Mexico this claimant is entitled to preference and her claim should be allowed as a preferred claim against the said estate and the executrix under the last will and testament of said decedent."

Thereafter the following order was entered in said cause:

"This cause coming on before the court, this time on the claim of Emilia M. Perea, claimant, in the sum of $7,172.17, and the claimant asserting a preference, and it ap-

pearing from the testimony of the claimant that she has had established a trust fund with the said Neill B. Field in his life-time, the balance due as of October 31, 1932, being $7,172.17, and the actual title and ownership of said money not being in the intestate at the time of his death but the same having been held by him for the beneficial interest of the said Emilia M. Perea within the meaning of Section 47-307 of the 1929 Codification, and it appearing to the court that said claimant is entitled to preference as provided under the provisions of Section 47-511 of the 1929 Codification, that is to be paid first after the payment of the charges of the last illness and funeral of the deceased, and the court being otherwise fully advised in the premises, it is hereby

"Ordered, adjudged and decreed: that the claim of Emilia M. Perea, having been approved by Barbara J. Dietz, executrix under the last will and testament of Neill B. Field, deceased, the same is hereby approved by the court; and that said claim being a trust fund claim, the same is hereby declared to be entitled to preference under the laws of the State of New Mexico and shall be paid before taxes or other debts or legacies.

"Done in open court this 1st day of May, 1933.

"[Signed]    D. A. MacPherson, Jr.
                    "Probate Judge."

Thereafter the cause was removed to the district court under section 34-422, Comp. St. Ann. 1929.

On the 21st day of December, 1934, the First National Bank of Albuquerque and others who were creditors of the estate of Neill B. Field filed a petition to "modify order allowing claim of Emilia M. Perea," upon the following grounds: "That it appears from the sworn claim of the claimant and from the order allowing said claim that the claim is not a preferred one, and that the court was without jurisdiction to allow the same as a preferred claim, and that the said order approving and allowing the same is wholly null and void."

The prayer was that the claim be classed as a general claim against the estate of Neill B. Field. A demurrer to this petition upon the following grounds was filed on January 14, 1935:

"2. That said petition shows on its face that said claim is properly a trust fund claim and entitled to preference according to law.

"3. That the claim of Emilia M. Perea was allowed as a preferred claim by the Probate Court of Bernalillo County, New Mexico, by its order duly entered on May 1, 1933, and said order has never been appealed from or reversed or modified in any way and by virtue thereof said order has become a final judgment on said claim and not subject to attack by the petition of said creditors.

"4. That creditors have no standing in this court in this cause to question previous allowance of claims herein.

"5. That the order allowing the claim of Emilia M. Perea by the Probate Court of

Bernalillo County, New Mexico, is not subject to collateral attack."

On February 14, 1935, the demurrer was overruled by the court and the appellant stood on her demurrer, and thereupon judgment was entered in effect that said claim be "reduced from a preferred claim to a common and general claim against said estate and to be paid in due course of administration along with the other debts against said estate."

From this judgment this appeal was taken.

The case in the district court is based upon the sole charge that the judgment assailed is void for want of jurisdiction to enter it; and this is the only question we can consider here. Thomas v. Johns, 35 N.M. 240, 294 P. 327.

There are three jurisdictional essentials necessary to the validity of every judgment, to wit, jurisdiction of parties, jurisdiction of the subject matter, and power or authority to decide the particular matters presented, Protest of Gulf Pipe Line Company, 168 Okl. 136, 32 P.(2d) 42; Windsor v. McVeigh, 93 U.S. 274, 23 L. Ed. 914, and the lack of either is fatal to the judgment, Reynolds et al. v. Stockton, 140 U.S. 254, 11 S.Ct. 773, 35 L.Ed. 464.

It is conceded that the probate court had jurisdiction of the persons and of the general subject of allowing claims against estates, but it is denied that it had jurisdiction over the subject matter of this proceeding, to wit, the classification of claims.

If this is true, then the judgment was void and subject to direct or collateral attack. Conlin et al. v. Blanchard, 219 Cal. 632, 28 P.(2d) 12.

Section 47-504, Comp.St.1929, is as follows: "It shall be the duty of the probate judge to hear and determine claims against the estate. All such claims shall be stated in detail, sworn to and filed, and five days' notice of the hearing thereof, accompanied by a copy of the claim, shall be served on the executor or administrator, unless the same have been approved by the executor or administrator, in which case they may be allowed by the judge without such notice."

This contemplates a hearing and a determination of the claim and the entry of a judgment approving or disapproving it. By "determine" is meant the determination of any question the law requires to be decided in connection with the claim.

Sections 47-509, 47-510, 47-511, Comp. St.1929, are as follows:

"47-509. At the first term of the court after filing of the first semi-annual account and each semi-annual account thereafter, the court shall ascertain and determine if the estate be sufficient to satisfy the claims presented and allowed, within the first six months or any succeeding period of six months thereafter, after the date of the notice of his appointment, after paying charges of the last sickness, funeral charges and expenses of administration; and if so, it shall so order and direct; but if the estate be insufficient for that purpose, it shall ascertain what percentum of such claims it is

sufficient to satisfy, and order and direct accordingly."

"47-510. As soon as the executors are possessed of sufficient means over and above the expenses of administration, they shall pay off the charges of the last sickness and funeral of the deceased, and they shall next pay any allowance which may be made by the court as provided by law for the maintenance of the widow and children."

"47-511. Other demands against the estate shall be payable in the following order:

"First. Claims entitled to preference by express provision of law of the United States or of this state.

"Second. Taxes.

"Third. All other debts.

"Fourth. Legacies."

Some one must perform the judicial function of classifying claims. Appellees' views are expressed in their brief as follows:

" * * * We are sure that our statute does not expressly confer such a power and that the power to hear and determine claims does not give the probate court jurisdiction to fix priorities, especially in view of the fact that our statute fixing priorities is a self-executing statute.

"There is no necessity under our statute for the entry of an order fixing preferences or priorities unless, as in this case, it is done to violate the terms of the statute or to authorize an executor to do something it is to be presumed he would not do. If the court had merely heard and determined the claim, and as a result of such hearing allowed it as a valid debt, the executor would have, it is to be presumed, followed the law, and as the debt was not an 'expense of administration,' or 'a charge of the last illness and funeral of the deceased,' or 'an allowance for the widow or children,' (section 47-510), or a claim 'entitled to preference by express provision of the laws of the United States or of this state,' or 'taxes,' the executor would have ranked the claim in the third class, to-wit: 'all other debts,' (section 47-511)."

We assume it is contended that the executor decides if a particular claim is in fact "expense of administration"; or if one is in fact "a charge for the last illness and funeral of the deceased"; or if one is in fact "entitled to preference by express provision of the statutes of the United States or of this state," which would require the application of such statutes to the facts; or that a claim for "taxes, is in fact what it purports to be. The "self-executing statute" cannot "determine" these questions.

If such is the law, then, in case of controversy over the classification of a claim between the executor and claimant, the former would be both a party and the judge, and no provision is made for an appeal from his decision. The presumption (if any) "that the executor would follow the law" as suggested by appellees is refuted in this case by the fact that she approved the claim as being preferred. This contention is inconsistent with our construction of the statute. The acts in question are judicial, and this judicial power is

vested in the court, from whose decision any person aggrieved can appeal to the district court. Comp.St.1929, § 34-421. The probate court had jurisdiction to classify the claim.

The appellees urge that the order of the probate court allowing a claim is a quasi judgment only, and within the control of the court until the final accounting is made and approved; and support it with authorities from California, Montana, Arizona, South Dakota, and Washington. This point was not presented to the district court, but, as we have in fact decided it, we will consider it separately.

The statutes of the states mentioned provide that the allowance of a claim by a probate court establishes it as an acknowledged debt and that the order of allowance is not final. In re Mouillerat's Estate, 14 Mont. 245, 36 P. 185; In re Bell's Estate, 168 Cal. 253, 141 P. 1179; In re Allen's Estate, 175 Wash. 65, 26 P.(2d) 396; In re Mulligan's Estate, 60 S.D. 74, 243 N.W. 102; In re Tamer's Estate, 20 Ariz. 228, 179 P. 643. The decisions of the courts of these states construing their own statutes are not helpful here.

It is provided by section 47-504, N.M. Comp.St.Ann.1929, that: "It shall be the duty of the probate judge to hear and determine claims against the estate," and for notice thereof to the executor or administrator, and to no other interested parties. The personal property of a decedent descends directly to his personal representative; the legal title is in him, and no other interested person is a necessary party to the adjudication of claims against an estate; or in a suit on a claim due an estate. (Section 105-104, N.M.Comp.Sts.Ann.1929).

It is the law of this state, and in the absence of a statute, the law generally, that an order of a probate court approving or classifying a claim is a final judgment; which, if not appealed from, has the same force and effect as that of a final judgment of courts generally. In Gutierrez v. Scholle, 12 N.M. 328, 78 P. 50, 51, the Territorial Supreme Court held that an order of the probate court approving an unverified claim was not void; that the requirement for verification was not jurisdictional, and stated:

"The probate court is clothed with jurisdiction to hear and allow or disallow claims against estates of decedents. It has jurisdiction of the subject-matter. In this case it had jurisdiction of the parties. It had power to decide correctly that it would be erroneous to allow an unverified claim in the form of a promissory note, and it likewise had power to decide, erroneously, as it did, that it might allow such unverified claim. We can see nothing in section 1967, Comp.Laws 1897, which makes the verification of the claim essential to give the court jurisdiction to act. Its effect is to direct the court to disallow any claims not verified. If the court mistakes the law, he simply falls into error, which may be corrected on appeal; but his action is not void for want of jurisdiction."

"This is a collateral attack upon the judgment of allowance, and of course, the error, although apparent, will not be available; it not being jurisdictional. Clancey v. Clancey, 7 N.M. 405, 37 P. 1105, 38 P. 168, in so far as it conflicts with this conclusion, is overruled.

"It follows, therefore, that the district court, in holding that the judgments of allowance were not open to the attack made upon them, was correct."

It was said in Ross et al. v. Lewis et al., 23 N.M. 524, 169 P. 468: "The allowance of a claim against the estate of a decedent is a judicial act, and has all the force and effect of a judgment; that is, it is final and conclusive, as between parties, until reversed or set aside, and cannot be attacked collaterally. So, also, the rejection of a claim by the probate court is final and has all the attributes of a judgment."

In Ware v. Farmers' National Bank of Danville, 37 N.M. 415, 24 P.(2d) 269, 270, it was urged that a claim was invalid because no notice was given to the heirs and legatees of its hearing, but this court held that no notice was necessary, stating: "The appellants fail to cite and we can find no provision in our law which requires notice to be given to heirs, legatees, devisees, creditors, or others who may be interested in an estate upon hearings to be had by the probate court before claims are allowed against the estate. 1929 Comp.St. § 47-504, provides for notice to the executor or administrator, but none to the heirs or legatees, and failure to give notice to the appellants before the claim of petitioner was allowed, by the probate court of Union county, does not make the judgment of the probate court of Union county granting the petitioners' claim invalid."

Also see In re Landers' Estate (Osborne v. Osborne), 33 N.M. 102, 263 P. 509, and upon final hearing 34 N.M. 431, 283 P. 49.

"The allowance of a claim by the probate court is a judgment, and the same conclusive effect should be given it as to that of a judgment of any other court; the judgment against the executor or administrator is conclusive as to the personalty, but not necessarily so on the heirs or devisees of the real estate to the extent of subjecting their realty to the payment of such judgment." 2 Woerner's American Law of Administration, § 392 (2d Ed.).

The case of In re Kinnan's Estate, 218 Iowa, 572, 255 N.W. 632, 634, was originally brought to set aside an order allowing a claim against an estate long after the time for appeal had expired and no appeal had been taken from such order. The court stated:

"It is the settled rule of law in this state that an allowance of claim by the administrator without an order of court thereon is subject to review, on objections being made thereto when the final report is presented. It is likewise the well-settled rule that if there has been a final hearing on a claim before the court, where the administrator appears by counsel and where the court has jurisdiction of the subject-matter and the parties, the allowance of the claim

by the court has the same force and effect as a final adjudication thereof, and, if not appealed from cannot be set aside except upon a showing of fraud or collusion. * * *

"It is the general rule of law in this state that the allowance of a claim by the court cannot be assailed by an heir who was not the administrator, on the ground that the heir was not notified of the hearing, unless it is alleged and proved that the claim was allowed through fraud or collusion. An order of court allowing a claim and fixing its character is a final adjudication thereof, and is conclusive and binding unless corrected on appeal, in the absence of fraud or collusion between the claimant and executor."

Also see McLeary v. Doran, 79 Iowa, 210, 44 N.W. 360; Brown v. Fleming (Tex.Com.App.) 212 S.W. 483; Cavitt v. Beall Hardware & Implement Co. (Tex. Civ.App.) 204 S.W. 798; Sherman v. Whiteside, 93 Ill.App. 572; Id., 190 Ill. 576, 60 N.E. 838.

A judgment of the probate court allowing and classifying a claim against an estate has the same force and effect as judgments of courts of general jurisdiction. If void, they are subject to attack at any time in any legal proceeding; or they may be canceled by direct attack in a court of equity, upon recognized equitable grounds; otherwise the remedy is by appeal or error.

It is contended that, as the face of the claim and recitations of fact in the judgment show the claim is not of a preferred class, the judgment classifying it as such is void.

■ The court must not only have jurisdiction of the persons and of the general subject matter, but the particular matter acted upon must be within the issues presented by the pleadings; or, as in this case, by a claim duly filed as the statute directs. Reynolds v. Stockton, 140 U.S. 254, 11 S. Ct. 773, 35 L.Ed. 464; Beals v. Ares, 25 N.M. 459, 185 P. 780. This does not apply, of course, to cases where the questions are actually litigated in an adversary action. In such cases, the pleadings will be treated as having been amended to cover the issues litigated. Reynolds v. Stockton, supra.

No pleadings are required to present a claim for allowance by the probate court. It must be stated "in detail," sworn to and filed; and, if approved by the administrator (as in this case), judgment may be entered allowing and classifying the claim. If it is not approved by the administrator, then the claim may be heard on five days' notice to him. Section 47-504, Comp.Sts. N.M.1929, supra.

The court had jurisdiction of the parties, and we have held that it had jurisdiction to allow and classify claims against estates. If the third essential of jurisdiction was present, that is, if it had jurisdiction to allow and classify the particular claim, then the probate court had jurisdiction and the judgment was valid.

The court had jurisdiction over the particular claim, if the issue of its allowance and classification was presented to the

court in the manner provided by the statute.

It is not contended that the claim was not filed and presented to the court for allowance as the statute directs; and we find that it was.

The filing and presentation of such claim for determination and allowance invokes the jurisdiction of the court (as a complaint does in an ordinary action) to "determine" the particular matter by allowing and classifying, or rejecting the claim. The fact that the claim as written stated facts that showed it had no statutory preference is immaterial to the question. The court had jurisdiction to decide the question; that is, it had jurisdiction to determine correctly that the claim was not preferred or erroneously · (as he did) that it was preferred. The judgment was erroneous but not void. Judgments are not void from the fact that a complaint does not state facts sufficient to constitute a cause of action or prays for more relief than the law warrants; and the same can be said of a claim presented under this statute, which takes the place of a complaint in the invocation of the jurisdiction of the court.

"This ruling may have been erroneous as a matter of law, and the petition may not have stated facts sufficient to constitute a cause of action. A judgment will not be considered open to collateral impeachment because the petition or complaint in the action in which it was rendered did not constitute a cause of action. Black on Judgments, § 269; Van Fleet's Collateral Attack, § 61. The universal rule adhered to by the courts is that the judgment or final order of a court having jurisdiction of the subject-matter and the parties, however erroneous, irregular, or informal such judgment or order may be, is valid until reversed or set aside. Black on Judgments, § 190. And the general rule is that an error of law does not furnish ground for collateral attack on a judgment. 15 R.C.L. 861." Acequia Del Llano v. Acequia De Las Joyas, etc., 25 N.M. 134, 179 P. 235, 237.

This court, in Acequia Del Llano v. Acequia De Las Joyas, etc., supra, cited with approval the case of Foltz et al. v. St. Louis & S. F. Ry. Co., 60 F. 316 (C.C.A. 8th) and quoted therefrom the following:

"Is every judgment in which the court committed an error in the decision of one of these questions, without the jurisdiction of the court, a nullity, and only those in which it has made no mistake valid? Jurisdiction of the subject-matter is the power to deal with the general abstract question, to hear the particular facts in any case relating to this question, and to determine whether or not they are sufficient to invoke the exercise of that power. It is not confined to cases in which the particular facts constitute a good cause of action, but it includes every issue within the scope of the general power vested in the court, by the law of its organization to deal with the abstract question. Nor is this jurisdiction limited to making correct decisions. It empowers the court to determine every

issue within the scope of its authority according to its own view of the law and the evidence, whether its decision is right or wrong, and every judgment or decision so rendered is final and conclusive upon the parties to it, unless reversed by writ of error or appeal, or impeached for fraud. (Cases cited.) Wherever the right and the duty of the court to exercise its jurisdiction depends upon the decision of a question it is invested with power to hear and determine, there its judgment, right or wrong, is impregnable to collateral attack, unless impeached for fraud."

"And with respect to the legal sufficiency of the moving papers, as said in Ruling Case Law (vol. 7, p. 1030), it is incorrect to suppose that power to decide any case rests solely on the averments of the pleading, but, on the contrary, the jurisdiction of a court in no way depends on the sufficiency or insufficiency of pleadings. If, therefore, the pleadings state a case belonging to a general class over which the authority of the court extends, jurisdiction attaches and the lower court has power to hear and determine the issues involved. In this respect an order made after final judgment doubtless stands on the same footing as a judgment; and the law is well settled that if a complaint shows a subject-matter and a demand for relief within the jurisdiction of the court, the mere fact that it fails to state a cause of action does not render the judgment void and subject to indirect or collateral attack. The sufficiency of the pleadings is one of the matters which the court has jurisdiction to hear and determine and the action with reference thereto, though erroneous, is not void." In re Sargen, 135 Cal.App. 402, 27 P.(2d) 407, 409; Davis v. Albritton, 127 Ga. 517, 56 S.E. 514, 8 L.R.A.(N.S.) 820, 119 Am.St.Rep. 352; Kelsey v. Miller, 203 Cal. 61, 263 P. 200; State v. Dist. Court, 33 Wyo. 281, 238 P. 545; 15 R.C.L. title Judgments, § 339; 33 C.J. title Judgments, § 81, p. 1133; 34 C.J. title Judgments, § 860, p. 560; Luckey v. Superior Court, 209 Cal. 360, 287 P. 450; Associated Oil Co. v. Mullin, 110 Cal.App. 385, 294 P. 421, 422; 33 C.J. title Judgments, § 81; 34 C.J. title Judgments, § 860; 15 R.C.L. § 339.

That the findings of fact incorporated in the judgment do not support it does not render the judgment void; it is only erroneous and subject to correction by a motion timely made or on appeal. The findings are no part of the judgment, which would have been just as valid if the findings had been filed as a separate document. Permian Oil Co. v. Smith et al. (Tex.Sup.) 73 S.W.(2d) 490. There was an erroneous application of the law, but the judgment is valid. Daniel v. Clark, 39 N.M. 494, 50 P.(2d) 429; Wright et al. v. Shipman et al. (Tex.Civ.App.) 279 S.W. 296; Starbird v. Blair, 227 Ky. 258, 12 S. W.(2d) 693. Errors of law do not invalidate judgments. 15 R.C.L. 861; 34 C.J. 289; Robinson v. Anderson, 88 Okl. 136, 212 P. 121; 1 Freeman on Judgments (5th Ed.) § 121; Stahl v. Sibeck, 183 Ark. 1143, 40 S.W.(2d) 442; Edward Thompson Co. v. Thomas, 60 App.D.C. 118, 49 F.(2d) 500.

Appellee contends that these views overrule In re Jaramillo's Estate, 33 N.M. 626, 274 P. 47, in which we held a judgment to be "inherently and fundamentally defective" that adjudged a preference in favor of the claim of an administratrix, to which she was not entitled. The petition in the Jaramillo Case stated no grounds for a preference nor did the findings support the judgment. The two cases are identical in that respect but were very different in others. The Jaramillo Case was decided on appeal to this court; whereas the one being considered was instituted by filing a motion in the original proceedings to set aside a consent judgment long after jurisdiction was lost and the time for an appeal had elapsed. No motion was made while the court had jurisdiction; nor was any exception taken to any act of the court, or any appeal prosecuted.

■ We cited no authority in support of our conclusion in the Jaramillo Case, but its effect is that, if the petition in such proceeding fails to state facts sufficient to constitute a cause of action and the findings of the court do not support the judgment, then such judgment is "inherently and fundamentally defective" (but not necessarily void), and subject to correction in the Supreme Court even in the absence of exception. Such judgments will be reversed on appeal on the court's own motion, or the question can be raised by a party at any time before jurisdiction is lost. Schaefer v. Whitson, 32 N.M. 481, 259 P. 618; Jaffa v. Lopez, 38 N.M. 290, 31 P.(2d) 988; Crawford v. Dillard, 26 N.M. 291, 191 P.

513; Baca v. Perea, 25 N.M. 442, 184 P. 482.

■ In this case the probate court had jurisdiction of the parties, of the subject matter, and of the particular matter presented, and the judgment was entered by consent of parties. It is inherently and fundamentally defective because the facts alleged and found do not support it. But it is not void for want of jurisdiction to enter it.

The order of the probate court established no trust, as claimed by appellees. The claimant set out certain facts which both parties decided entitled her to a preference claim, and a judgment to that effect was entered by confession or consent. It is unnecessary to pass on the question of the power of the probate court to determine whether a trust existed, as apparently contemplated by section 47-307, Comp.St. 1929. The parties interpreted the facts to authorize a preference and consented to such a judgment, and are bound by it.

Certain equitable grounds are set up by reason of which it is urged the judgment should be set aside; but this assumes the judgment is voidable and not void, and no such question is in the case. 1 Freeman on Judgments (5th Ed.) § 332.

The cases of Reynolds v. Stockton, supra, Beals v. Ares, supra, and Munday v. Vail, 34 N.J.Law, 418, are cited to the effect that a judgment not within the issues is void. But we have decided that the judgment sought to be canceled was within the issues presented; therefore

these authorities do not apply, even assuming that correct pleadings, or any at all, are necessary in support of a consent judgment.

. Other questions are raised, but are not of sufficient merit for special consideration.

The second motion for a rehearing will be overruled. The judgment of the district court will be reversed, and the cause remanded, with instructions to reinstate said claim as it was originally entered.

It is so ordered.

SADLER, C. J., and HUDSPETH and BICKLEY, JJ., concur.

ZINN, J., did not participate.