KENNEDY, Judge (specially concurring). {23} I concur fully with the Majority Opinion in denying the personal allowances, which I believe the statute causes to expire with the spouse whose personal entitlements they are and the denial of Duran’s claim for reimbursement for the property taxes. I have serious reservations that would ordinarily cause me to dissent from affirming the distribution ofPilar’s share of Eligio’s Estate. It appears to me that the findings of the district court and decision to do so were not supported by substantial evidence, and the district court might not have had any subject matter jurisdiction over Pilar’s estate. However, as noted by the majority, Duran’s general objection that the district court had no power to distribute Pilar’s interest to persons who might be her heirs was not preserved, waived, or, in my view, adequately presented so as to be incapable of resolution. My dissatisfaction with the litigation is therefore secondary to my concurring with the result as to the distribution ofPilar’s interest in Eligio’s Estate. I will, however, state my reservations about what I believe to be the district court’s overreaching. {24} Duran’s participation in this case was originally as a substituted personal representative of Eligio’s Estate to occupy Pilar’s shoes. Eventually, the district court found only that Duran was one ofPilar’s three children. It also found that Duran had two siblings, since deceased, who had nine children among them. It then proceeded to conclude that those persons were Pilar’s heirs and entitled to her interest by representation. The district court divided Pilar’s share and ordered it distributed to persons, including Duran, whose heirship was determined, according to the quoted transcript, based on no more than their inclusion in the petition for probate in Doña Ana County. I believe that bypassing what appeared to be the separate and unrelated probate action concerning Pilar’s estate, by making determinations of heirship concerning persons who were not a part of Eligio’s probate, was beyond the district court’s power to act. {25} “[DJistrict courts sitting in probate possess only the jurisdiction conferred upon them by statute.” In re Estate of Harrington, 2000-NMCA-0584 14, 129 N.M. 266, 5 P.3d 1070. “There are three jurisdictional essentials necessary to the validity of every judgment, to wit, jurisdiction of parties, jurisdiction of the subject matter, and power or authority to decide the particular matters presented}.]” In re Field’s Estate, 40 N.M. 423, 425, 60 P.2d 945, 947 (1936). In this case, NMSA 1978, Section 45-1-302(A)(l) (1978) (amended 2011) conferred upon the district court authority over “formal proceedings with respect to the estates of decedents, including determinations of testacy, appointment of personal representatives, constructions of wills, administration and expenditure of funds of estates, determination of heirs and successors of decedents and distribution and closing of estates}.]” The only decedent’s estate before the court in this case was that of Eligió. Determinations of Pilar’s testacy, existence of any personal representative, and determination of heirs and successors-in-interest of Pilar and the distribution and closing of her estate were all matters explicitly and implicitly determined by the district court in this case. All derive from Pilar’s estate and, hence, were not before the district court whose case was limited to Eligio’s intestate estate. Undertaking to handle matters that were the essence of another estate (Pilar’s) not before the district court was beyond this district court’s jurisdiction. {26} Duran requested distribution of Pilar’s portion of Eligio’s Estate to him as personal representative of her estate. The same request — handing over Pilar’s share to Duran in his representative capacity — was made by Tony. Even during the curious conversation cited by this Opinion, Duran’s attorney is steadfast in his desire for distribution to Duran alone. Tony’s attorney continued to support the distribution to Duran, although it was obviously out of little more than fear of the prospect of getting things wrong and becoming liable to unknown heirs. Citing to the conversation over the “other heirs,” rather than supporting a waiver by Duran, the Opinion enshrines the central problems of this case. First and foremost, there is no verified evidence in the record that Duran really is the personal representative of Pilar’s estate, as there is no documentation of any probate of her estate, which he asserted was attached to various pleadings, but never appears in the record. Second, the transcript identifies the other “heirs” by no more than their inclusion in the “petition” for the Doña Ana County probate case. This seems like a lack of substantial evidence. Substantial Evidence {27} Duran’s counsel’s answers to the court concerning the identification of the heirs studiously evade any affirmation that any actual determination of heirship has been made in Doña Ana County. Duran’s counsel says no more than there has been no determination of heirship concerning them and that the only document in the supposed probate that names them is the caption of the petition. It is the “copy of the petition which states who they are” that the district court deems sufficient, if Tony’s counsel relied on it, and nowhere does Tony’s counsel say he found any such thing to be reliable. The district court’s conclusion of “[t]hat should be enough if you relied on that” is not a statement that smacks of sufficient evidence as to this case properly making any distribution to Pilar’s heirs. Indeed, counsel for Tony asserts with equal authority as anything else that Duran is “not the personal representative of Pilar’s estate,” and asserts possible exposure to claims “from every one of her heirs” without more documentation. Dutifully, Tony’s counsel included the information in his findings and conclusions, which were adopted by the district court. Indeed, in the district court’s order, no heir ofPilar’s estate is named but Duran with the rest mentioned only as descendants of Duran’s deceased siblings of whose existence there is no primary evidence in the record. The award to these ten persons is therefore based on no more than judicial ipse dixit, concluding without support that Tony’s side had relied on the information. {28} Duran is similarly less than forthcoming about his entitlement as personal representative to force a distribution to him. Unfortunately, Duran’s sole citation to Medina does not stand for the proposition of “property must be given to the representative.” That proposition is dicta. Medina might, however, stand for the salutary proposition for this case that Duran should have gotten an order from the Doña Ana County probate case to be duly provided to the district court that identified him as the personal representative of Pilar’s estate. Such an order may have further authorized him in that capacity to take possession ofPilar’s entitlement from Eligio’s Estate to be probated in her estate’s case elsewhere. No such situation existed. {29} Both parties were singularly unhelpful in providing any less speculative authority. The impetus to distribute Pilar’s share to persons whose identity is neither established in the evidence, nor named in the district court’s order, appears to be solely the district judge’s, who was singular in the pursuit of a bad idea not supported or requested by either party. Consequently, the district court denied the sole distribution request and, apparently sua sponte, concluded to distribute Pilar’s marital intestate portion of Eligió’s Estate to Pilar’s unidentified heirs in intestacy. {30} The distribution of assets by Rio Arriba County district court that are part of the separate estate of another deceased person (Pilar), which estate is not before the court, and in fact supposedly the subject of a separate action in Doña Ana County seems to be a problem. If the district court had no jurisdiction to act with regard to Pilar’s estate, its action is void ab initio regardless of Duran’s preservation problems. {31} I do question whether venue over Pilar’s estate is proper in Rio Arriba County. Because Pilar died in Doña Ana County, and the probate of her estate was supposedly filed there, I also question whether the Rio Arriba County district court had the authority to decide matters that were in play simultaneously in another probate action concerning another estate in another district court. Perhaps ordering Pilar’s share to be held in the Rio Arriba district court registry for later release on authority of the Doña Ana County district court, or transferring Pilar’s share to the registry of the Doña Ana County district court would have been the proper way to go. Given Duran’s slim proof of his claim for reimbursement and insistence that the entire proceeds be paid to him, I cannot help but think that his representations that all of Pilar’s heirs were ascertained and were not disputing that they were the only heirs, may be worthy of some healthy skepticism. Perhaps that is why the district court did not want to make a grant of Pilar’s interest in Eligió’s Estate to Duran alone. Questions like that would best be resolved in Doña Ana County and not by the district judge in this case. However, writing as I do to point out what questions I have about the evidence and procedure in this matter is not tantamount to litigating the parties’ interests. Since Duran did not pursue these avenues, I concur with the majority in all respects. RODERICK T. KENNEDY, Judge